Kenneth E. LEHRER, Appellant,

v.

Donald ZWERNEMANN, Appellee.

No. 01–99–00034–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 17, 2000.

---

Michael C. Engelhart, Kelly Alice Greenwood, Houston, for appellant.

Frank Thompson, Houston, for appellee.

Panel consists of Justices O'CONNOR, HEDGES, and PRICE.*

## OPINION

ADELE HEDGES, Justice.

Appellant participated in a court-ordered mediation, but was dissatisfied with the result. He sued his attorney, the opposing counsel, and the mediator, Donald Zwernemann. In this appeal, we are asked to determine whether the trial court erred in rendering summary judgment for the mediator.[1] We affirm.

### Background

Appellant hired two attorneys to represent him in a divorce action. Unhappy with the result, he hired James L. Supkis to sue the attorneys for legal malpractice.

The trial judge ordered mediation. Supkis and the opposing counsel agreed to select Zwernemann as the mediator. The mediation resulted in a voluntary settlement agreement.

Supkis and the opposing counsel then filed a joint motion to dismiss the legal malpractice suit under the settlement agreement, and the trial judge signed the order. Shortly thereafter, Supkis filed a motion for new trial and motion to withdraw, informing the court that he had not had appellant's permission to file the motion to dismiss. After he fired Supkis, appellant filed a motion for new trial to rescind the dismissal. The trial judge denied the motion, and this Court affirmed that ruling in *Lehrer v. Garner*, No. 01–94–00537–CV, 1995 WL 241715 (Tex. App.—Houston [1st Dist.] 1995, no writ) (not designated for publication).

Subsequently, appellant sued Supkis. He later amended his petition to include the opposing counsel and Zwernemann. Appellant contended that the three defendants did not notify him or the court that (1) the opposing counsel had a pre-existing professional relationship with Zwernemann or (2) Supkis had not conducted any discovery in the case. Appellant pleaded causes of action against Zwernemann for negligence or legal malpractice, breach of contract, breach of fiduciary duty, Texas Deceptive Trade Practices Act violations, fraud, and conspiracy to commit fraud. He sought actual and exemplary damages plus attorney's fees. Zwernemann moved for summary judgment based on a lack of summary judgment evidence to support appellant's causes of actions. The trial judge rendered summary judgment for Zwernemann.[2]

---

1. On May 13, 1999, this Court affirmed the summary judgment in favor of the opposing counsel. *Lehrer v. Weinberg*, No. 01–98–00704–CV, 1999 WL 312327 (Tex.App.—

Houston [1st Dist.] 1999, pet. denied) (not designated for publication).

2. Although Zwernemann's motion for summary judgment did not cite Texas Rule of Civil Procedure 166a(i), it is clear from the language in the motion, appellant's response to the motion, the trial judge's order, appel-

In four points of error, appellant argues that the trial judge erred in rendering summary judgment because: (1) there was sufficient summary judgment proof to support his breach of contract cause of action; (2) there was sufficient summary judgment proof to support his fraud cause of action; (3) *res judicata* was an improper basis for the summary judgment; and (4) there was sufficient summary judgment proof that Zwernemann caused damages to appellant.

## Summary Judgment Standard of Review

 Under rule 166a(i), a party may move for summary judgment if there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. TEX.R. CIV. P. 166a(i). The trial judge must grant the motion unless the non-movant produces more than a scintilla of evidence raising a genuine issue of material fact on the challenged elements. *Flameout Design & Fabrication, Inc. v. Pennzoil Caspian Corp.*, 994 S.W.2d 830, 834 (Tex.App.—Houston [1st Dist.] 1999, no pet.). Therefore, the party with the burden of proof at trial has the burden of proof in the summary judgment proceeding. *See id.* When reviewing a summary judgment, we must indulge every reasonable inference in favor of the non-movant and resolve any doubts in its favor. *Id.*

## Legal Injury

 In point of error four, appellant argues that the trial judge erred in rendering summary judgment because he adduced sufficient summary judgment evidence that he was damaged by Zwernemann's actions at the mediation.

As a general rule, a cause of action accrues when a wrongful act causes some legal injury. *See Hay v. Shell Oil Co.*, 986 S.W.2d 772, 776 (Tex.App.—Corpus

Christi 1999, pet. denied). Therefore, in order to withstand a no-evidence summary judgment review, appellant was required to produce some evidence that he suffered a legal injury as a result of Zwernemann's actions at the mediation. Appellant has not produced any evidence of legal injury.

Appellant argues that he was injured by Zwernemann because he represented himself to be a "third-party neutral" mediator, but at the mediation acted contrary to appellant's best interests. Specifically, appellant alleges that Zwernemann and the opposing counsel had a prior professional relationship because they had worked together in the past. Additionally, appellant alleges that Zwernemann did not inform him that Supkis had not conducted discovery in the case. However, appellant has produced no evidence to support his allegations. To the contrary, the evidence proves that Zwernemann fulfilled his primary obligation as a mediator to facilitate a settlement. In fact, as a result of the mediation, appellant entered into a voluntary settlement agreement, in which he agreed to dismiss his legal malpractice claims against his attorneys. In return, his attorneys dismissed their counterclaims against him for unpaid attorneys' fees.

Additionally, in his affidavit attached to his response to Zwernemann's motion for summary judgment, appellant stated that, if he had known about the prior relationship between the opposing counsel and Zwernemann, he would not have agreed to permit Zwernemann to act as the mediator. However, appellant did not state that he would not have entered into the settlement agreement.

 Further, it is apparent that appellant had, at a minimum, constructive knowledge of the prior professional relationship before the mediation took place. In his own case against appellant, the op-

---

lant's points of error on appeal, and Zwernemann's reply to the points of error that the trial judge granted the motion based on the lack of evidence to support appellant's causes

of action. Therefore, we will review the order as though it is a no-evidence summary judgment. *See* TEX.R. CIV. P. 166a(i).

posing counsel stated by affidavit that, before the mediation, he informed Supkis that he and Zwernemann had been involved in numerous legal matters. For example, "Zwernemann served as opposing counsel, co-counsel, mediator and, on occasion, as an expert witness for me." [3] Knowledge or notice to an attorney, acquired during the existence of the attorney-client relationship and while acting within the scope of his authority, is imputed to the client. *Gulf Atlantic Life Ins. v. Hurlbut*, 749 S.W.2d 96, 98 (Tex.App.—Dallas 1985), *rev'd on other grounds*, 749 S.W.2d 762, 768–69 (Tex.1987). By virtue of Supkis's knowledge of the relationship, appellant was "on notice" of the relationship. *See id.* Appellant also stated in his affidavit that he was aware, before the mediation, that Zwernemann had acted as a mediator for the opposing counsel in the past.

Moreover, in his affidavit, appellant alleged specific economic injuries that resulted from the mediation. Specifically, he stated that he "suffered economic injuries as a result of the actions of Mr. Supkis, as outlined below ..." He did not, however, allege that any specific injuries or damages were caused by Zwernemann.

Accordingly, because appellant has not produced any summary judgment evidence establishing a legal injury as a result of the actions of Zwernemann, summary judgment was appropriate.

We overrule point of error four.

### Conclusion

Because we find that summary judgement was appropriate based on a lack of evidence of injury, we need not address appellant's remaining points of error.

We affirm the summary judgment of the trial court.

**3.** We take judicial notice of this statement. *See Trevino v. Pemberton*, 918 S.W.2d 102, 103 n. 2 (Tex.App.—Amarillo 1996, orig. proceeding).