# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10400
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 29, 2013

Lyle W. Cayce
Clerk

CONNIE WILLOUGHBY,

> Plaintiff - Appellant,

v.

METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS;
METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY,
doing business as Metlife Auto & Home,

> Defendants - Appellees.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:12–CV–861

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:*

This appeal involves the timeliness of a homeowner's lawsuit against her insurer. The district court determined the lawsuit was untimely and granted summary judgment. We AFFIRM.

I.

Plaintiff–Appellant Connie Willoughby contracted with Defendant–

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10400

Appellee Metropolitan Lloyds Insurance Company of Texas ("Metropolitan") for a homeowner's insurance policy.    The policy included a shortened limitations period, stating that "[a]ction brought against [Metropolitan] must be started within two years and one day after the cause of action accrues."[1]

In November 2007, Willoughby reported to Metropolitan that a fire had damaged her home in Blooming Grove, Texas.    Metropolitan subsequently investigated Willoughby's insurance claim and examined her under oath regarding the circumstances of the fire.    During the course of this examination, Willoughby provided her mailing address and stated that her and her husband's attorney was Paul Lewallen.

Nine months later, in a letter dated September 25, 2008, Metropolitan denied Willoughby's claim, explaining that it believed "the fire was set by or at the direction of one or more of the named insureds."    The letter further explained that Willoughby had not complied with her insurance policy's reporting obligations, one of which required her to provide a signed "proof of loss" statement.    Metropolitan sent this letter to the mailing address provided by Willoughby.    Willoughby denies ever receiving it.

Less than a month later, in November 2008, attorney Lewallen sent a letter on his firm's letterhead to Metropolitan.    The letter stated that it served "as a written notice" that Lewallen represented Willoughby and her husband with regard to the insurance claim.    The letter continued: "My clients are wanting to settle this matter in an amicable fashion; however, in the event it continues unresolved, I will take all steps necessary to protect my clients' interest."    Lewallen attached to the letter a "proof of loss" statement and an

---

[1] In Texas, "[i]nsurance provisions that limit the time within which to file a suit to two years and a day are valid and binding."    *Jett v. Truck Ins. Exch.*, 952 S.W.2d 108, 109 (Tex. App.—Texarkana 1997, no writ); *see also, e.g.*, *Watson v. Allstate Texas Lloyd's*, 224 F. App'x 335, 339 (5th Cir. 2007) (unpublished but persuasive) (enforcing an identical limitations provision).

No. 13-10400

IRS Tax Information Authorization form, both of which bore Willoughby's signature. On December 15, 2008, counsel for Metropolitan responded to Lewallen's letter by stating that Willoughby's insurance claim was denied as set forth in the Metropolitan's original September 25, 2008, letter.

More than three years later, in January 2012, Willoughby sued Metropolitan and Metropolitan Property and Casualty Insurance Company (collectively, "Metropolitan") in Texas state court for breach of contract, alleging that Metropolitan wrongfully denied coverage under her homeowner's insurance policy. Metropolitan subsequently removed the case to federal court on diversity grounds and filed a motion for summary judgment. Metropolitan argued that the parties' contractually agreed-upon limitations period of two years and one day barred Willoughby's claim. In response, Willoughby argued, as she does now, that the limitations period in her insurance policy was not triggered because she never received notice of the denial of coverage.

The district court granted Metropolitan's motion for summary judgment. The district court reasoned that even assuming Willoughby did not have actual notice of her claim's denial, Lewallen's receipt of the denial letter as her attorney was imputed to her. Thus, according to the district court, Willoughby's cause of action accrued at the latest on December 15, 2008, when Lewallen received a copy of the denial letter, and was barred when Willoughby did not file suit until January 17, 2012, which was in excess of the agreed-upon limitations period. Willoughby timely appealed.

## II.

Texas law governs this diversity case. *See, e.g.*, *Bayle v. Allstate Ins. Co.,* 615 F.3d 350, 355 (5th Cir. 2010) ("When, as here, jurisdiction is based on diversity, we apply the forum state's substantive law."). We review a grant of summary judgment *de novo,* applying the same standard as the district court. *Trout Point Lodge, Ltd. v. Handshoe,* 729 F.3d 481, 486 (5th Cir. 2013).

No. 13-10400

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "[A]ll justifiable inferences will be drawn in the non-movant's favor." *Envtl. Conservation Org. v. City of Dall.*, 529 F.3d 519, 524 (5th Cir. 2008). However, "the non-movant still cannot defeat summary judgment with speculation, improbable inferences, or unsubstantiated assertions." *Likens v. Hartford Life and Accident Ins. Co.*, 688 F.3d 197, 202 (5th Cir. 2012).

## III.

On appeal, Willoughby does not dispute that she agreed to the limitations period in her contract. Instead, she argues that summary judgment was improper because a genuine dispute remains as to whether the limitations period ever started. She argues that the limitations period did not start because she never received the September 25, 2008, denial letter and did not otherwise receive notice that Metropolitan denied her insurance claim.[2] We disagree.

In Texas, "[l]imitations begin to run on an insurance policy when the loss is denied." *Pena v. State Farm Lloyds*, 980 S.W.2d 949, 953 (Tex. App.—Corpus Christi 1998, no writ); *see also, e.g.*, *Stewart Title Guar. Co. v. Hadnot*, 101 S.W.3d 642, 645 (Tex. App.—Houston [1st Dist.] 2003, pet. denied) ("Generally, a cause of action for breach of an insurance contract accrues on the date coverage is denied."). This rule is consistent with the more general proposition that "an action for damages for breach of a written contract accrues when the breach occurs or when the claimant has notice of facts sufficient to place him on notice of the breach." *S. Plains Switching, Ltd. Co. v. BNSF Ry. Co.*, 255

---

[2] Willoughby appears to argue that Metropolitan waived its right to enforce the limitations provision because it did not provide any warning that it would deny her claim. We find no support for this argument in applicable Texas law.

No. 13-10400

S.W.3d 690, 707 (Tex. App.—Amarillo 2008, pet. denied); *see also Via Net v. TIG Ins. Co.*, 211 S.W.3d 310, 314 (Tex. 2006).

Here, even if we accept the premise of Willoughby's argument, i.e., that sending the denial letter was insufficient to start the limitations period, we agree with the district court's conclusion that Willoughby possessed at least constructive notice of her claim's denial through Lewallen, her attorney at the time.[3] *See, e.g., Lehrer v. Zwernemann*, 14 S.W.3d 775, 778 (Tex. App.—Houston [1st Dist.] 2000, pet. denied) ("Knowledge or notice to an attorney, acquired during the existence of the attorney-client relationship and while acting within the scope of his authority, is imputed to the client."); *see also Am. Flood Research, Inc. v. Jones*, 192 S.W.3d 581, 584 (Tex. 2006). As explained by the district court, "[t]he uncontested evidentiary record confirms that Metropolitan apprised Lewallen on December 15, 2008 that Willoughby's claim had been denied." Therefore, at a minimum, Willoughby's cause of action accrued on that date, and her claim is barred by her insurance policy's limitations period. AFFIRMED.[4]

---

[3] We, like the district court, are not persuaded by Willoughby's argument that Lewallen was not her attorney. In sworn testimony, Willoughby referred to Lewallen as her husband's "friend, our attorney," and she does not explain, beyond mere speculation, why else Lewallen would have represented himself as her attorney and obtained her signature on the documents Lewallen submitted to Metropolitan with his November 2008 letter. *See Likens*, 688 F.3d at 202 (stating that a non-movant "cannot defeat summary judgment with speculation, improbable inferences, or unsubstantiated assertions" (citation omitted)). Finally, even assuming Willoughby is correct that Lewallen's November 2008 letter was inadmissible hearsay, there is sufficient other evidence from which to conclude that Lewallen was her attorney.

[4] We also reject Willoughby's argument that the district court abused its discretion by denying her motion for a continuance. Willoughby has not demonstrated that additional discovery would have helped her establish a genuine issue of fact in this case. *See Baker v. Am. Airlines, Inc.*, 430 F.3d 750, 756 (5th Cir. 2005).