ACCEPTED
03-14-00819-cv
4869265
THIRD COURT OF APPEALS
AUSTIN, TEXAS
4/13/2015 4:12:37 PM
JEFFREY D. KYLE
CLERK

No. 03-14-00819-CV

_____

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
4/16/2015 4:32:37 PM
JEFFREY D. KYLE
Clerk

IN THE COURT OF APPEALS FOR THE
THIRD COURT OF APPEALS DISTRICT
AUSTIN, TEXAS

_____

JUDY WEIRICH,

Appellants

v.

IESI CORPORATION and SOUTHSIDE WRECKER, INC.,

Appellees

_____

**BRIEF OF APPELLANT
JUDY WEIRICH**

_____

ZACHARY P. HUDLER
State Bar No. 24032318
ZACHARY P. HUDLER, P.C.
100 East Pecan, Suite One
P.O. Box 1728
Johnson City, Texas, 78636
830.868.7651
830.868.7636 Facsimile
Zachary@hudlerlaw.com
ATTORNEY FOR APPELLANT
JUDY WEIRICH

**APPELLANT DOES NOT REQUEST ORAL ARGUMENT**

i

## IDENTITY OF PARTIES AND COUNSEL

The following is a list of all parties to this appeal and the names and addresses of those parties' counsel.

| APPELLANT/PLAINTIFF | COUNSEL FOR APPELLANT |
|---|---|
| Judy Weirich | Zachary P. Hudler<br>Zachary P. Hudler, P.C.<br>100 East Pecan, Suite One<br>P.O. Box 1728<br>Johnson City, Texas 78636<br>zachary@hudlerlaw.com |

| APPELLEE/DEFENDANT | COUNSEL FOR APPELLEE |
|---|---|
| IESI Corporation | Mr. Vaughan E. Waters<br>Thornton, Biechlin, Segrato,<br>Reynolds & Guerra, L.C.<br>Fifth Floor- One International Centre<br>100 N.E. Loop 410<br>San Antonio, Texas 78216<br>vwaters@thorntonfirm.com |
| Southside Wrecker, Inc. | George J. Petras V<br>The Petras Law Firm<br>1504 San Antonio Street<br>Austin, Texas 78701<br>gpetras@petraslawfirm.com |

# TABLE OF CONTENTS

**Page**

IDENTITY OF PARTIES AND COUNSEL     ii

TABLE OF CONTENTS     iii

TABLE OF AUTHORITIES     iv

STATEMENT OF THE CASE     vi

ISSUES PRESENTED     vi

STATEMENT OF FACTS     2

SUMMARY OF THE ARGUMENT     3

ARGUMENT     4

CONCLUSION AND PRAYER     8

CERTIFICATE OF COMPLIANCE     12

CERTIFICATE OF SERVICE     12

APPENDIX     13

# TABLE OF AUTHORITIES

**CASES**                                                                                 **Page**

*Brownlee v. Brownlee,*
665 S.W.2d 111, 112 (Tex.1984)                                                              7

*Forbes, Inc. v. Granada Biosciences, Inc,.*
124 S.W.3d 167, 172 (Tex.2003)                                                              5

*Lehrer v. Zwernemann,*
14 S.W.3d 775, 777 (Tex.App.—Houston [1st Dist.] 2000, pet denied) 5

*Mansions in the Forest, LP v. Montgomery Cty.,*
365 S.W.3d 314, 316-17 (Tex. 2012)                                                          7

*Merriman v. XTO Energy, Inc.,*
407 S.W.3d 244, 248 (Tex.2013)                                                              5

*Nabors Drilling, USA, Inc. v. Escoto,*
288 S.W.3d 401, 404 (Tex. 2009)                                                             9

*Omega Contracting, Inc. v. Torres,*
191 S.W.3d 828, 840-841 (Tex.App.—Fort Worth, 2006, no pet.)       9

*Thomas v. Omar Invs.*
156 S.W.3d 681, 684 (Tex.App.—Dallas 2005, no pet.)                        5

*Ryland Grp. v. Hood*
924 S.W.2d 120, 122 (Tex. 1996)                                                           7, 8

*Sosa v. Central Power & Light*
909 S.W.2d 893, 895 (Tex.1995)                                                             6

*Western Invs. V. Urena*
162 S.W.3d 547, 550 (Tex.2005)                                                             9

**STATUTES**

Tex.Transp. Code Ann. §547.004(a) & §548.604(a)                9

Tex.R.Civ.P.166(a)(i)                5

Tex.R.Civ.P.166a(c)                7, 8

Tex.R.Civ.P.63                6

Tex.R.Civ.P. 166a(f)                7

# STATEMENT OF THE CASE

**Nature Of The Case:** This case arises from a dispute involving an automobile accident in Johnson City, Blanco County, Texas. The large garbage truck owned by IESI was being towed by Southside Wrecker and completely lost one of its wheels which then struck Judy Weirich's car and caused property and personal injury damages.

**Trial Court:** The Honorable J. Allan Garrett, Presiding Judge of the 424th Judicial District Court, Blanco County, Texas.

**Trial Court's Actions:** The trial court rendered no evidence motion for summary judgment orders in favor of Defendants purporting to dismiss all of Plaintiff's claims. The Court further struck Plaintiff Judy Weirich's Affidavit in support of her response.

# ISSUES PRESENTED

1. Whether this Court has standing in light of Plaintiff's timely amended petition asserting additional claims and theories of recovery, including but not limited to *res ipsa loquitur* and negligence per se where the Defendants' no evidence motions for summary judgment did not address those claims?
2. Whether the trial court erred by striking Plaintiff Judy Weirich's affidavit in support of her response to Defendants' no-evidence motions for summary judgment in its entirety?
3. Whether the trial court erred by granting Defendant IESI and Defendant Southside's no-evidence motion for summary judgment or whether Plaintiff Judy Weirich produced sufficient summary judgment evidence to warrant a jury trial?

No. 03-14-00819-CV

_____

IN THE COURT OF APPEALS FOR THE
THIRD COURT OF APPEALS DISTRICT
AUSTIN, TEXAS

_____

JUDY WEIRICH,

Appellant

v.

IESI CORPORATION and SOUTHSIDE WRECKER, INC.,

Appellees

_____

**BRIEF OF APPELLANT
JUDY WEIRICH**

_____

TO THE HONORABLE COURT OF APPEALS:

Appellant Judy Weirich ("Weirich") respectfully submits this brief in support of her appeal from the trial court's orders granting no-evidence summary judgments in favor of IESI Corporation ("IESI") and Southside Wrecker, Inc. ("Southside"). The parties will be referred to by name or by their designation in the trial court.

The Clerk's 1-volume record will be cited by page number as "CR____ [page #]." The Court Reporter's record consists of portions of the summary judgement hearing transcripts entitled "Motion for Summary Judgment". The

1

Court Reporter's record will be cited as "RR MSJ, [page # of Court Reporter's transcript].

## STATEMENT OF THE FACTS

This is a personal injury case. The automobile driven by Plaintiff Weirich on or about January 9, 2012 was struck by a wheel of an IESI garbage truck which was being towed by Southside Wrecker in Blanco County, Texas. CR 138-139. As a result of the entire wheel dislodging from the IESI garbage truck and striking Weirich's car, Weirich's car was totaled and she suffered personal injuries and other damages. CR 138; CR 127, *et seq.* (Plaintiff's live Petition). The factual details of this personal injury case are set forth in Weirich's affidavit which is attached to Plaintiff's response to Defendants' no-evidence motions for summary judgments and incorporated by reference herein as if set forth at length. CR 138-139.

Defendants moved for a no-evidence motion for summary judgment. Weirich filed a timely response and amended pleading alleging, among other things, negligence and gross negligence, as previously plead and added claims of negligence per se, and *res ipsa loquitur.* CR 127. Defendants each filed replies and objected to Weirich's summary judgment evidence, to wit, Weirich's Affidavit and the Affidavit of her legal counsel. CR 140- 165.

The trial court struck the Affidavit of Judy Weirich and her counsel and granted each of Defendants' no-evidence motion for summary judgments. Weirich filed her notice of this appeal.

## SUMMARY OF THE ARGUMENT

The Court erred in striking the affidavit of Judy Weirich and granting Defendants' No-Evidence Motions for Summary Judgment. The Affidavit of Judy Weirich is competent summary judgment evidence which raises a genuine issue of material fact concerning the negligence and gross negligence of each Defendant to warrant the case to be tried to a jury. Further, Weirich timely amended her pleadings to include claims of negligence per se and liability under *res ipsa loquitur* against Defendant IESI and Defendant Southside which was not addressed in either Defendant's no-evidence motion for summary judgment. This court lacks standing to decide this case as the purported judgments do not dispose of all claims. In the alternative, the summary judgment evidence on file supports those additional claims and creates a genuine issue of fact that should be tried to a jury.

## ARGUMENT

### A.     No-Evidence Motion for Summary Judgment Legal Authorities

The burden on the non-movant regarding a no-evidence motion summary judgment is to raise a genuine issue of material fact about the element challenged by the motion for summary judgment. *See Merriman v. XTO Energy, Inc.,* 407 S.W.3d 244, 248 (Tex.2013). The trial court must resolve all reasonable doubts about the facts in favor of the non-movant. *See Lehrer v. Zwernemann,* 14 S.W.3d 775, 777 (Tex.App.—Houston [1st Dist.] 2000, pet denied). A no-evidence motion for summary judgment is essentially a motion for a pretrial directed verdict. *See Thomas v. Omar Invs.,* 156 S.W.3d 681, 684 (Tex.App.—Dallas 2005, no pet.). To defeat a no-evidence motion for summary judgment, the non-movant must produce more than a scintilla of evidence to raise a genuine issue of material fact. TRCP 166(a)(i); *Forbes, Inc. v. Granada Biosciences, Inc.*, 124 S.W.3d 167, 172 (Tex.2003).

### B.     The Trial Court's Orders improperly state that the Judgments are final and erred to the extent that it impliedly struck Weirich's additional theories of recovery set forth in her Fourth Amended Original Petition.

Weirich timely amended her petition seven days prior to the hearing and specifically included, among other things, additional theories of recovery, including negligence per se and *res ipsa loquitur*. CR 127-134. The trial court

5

must render a summary judgment on the pleadings on file at the time of the hearing. TRCP 166a(c). A party may file an amended petition seven days prior to the hearing. TRCP 63; *Sosa v. Central Power & Light,* 909 S.W.2d 893, 895 (Tex.1995). Here, the Defendant's no-evidence motion for summary judgment did not address the additional theories of recovery asserted by Weirich in her timely filed amended petition. Thus, having no final judgment as set forth in the order, this court lacks standing to hear this case and it should be remanded to the trial court. *See* TRCP 166a(c); TRCP 63; *Sosa v. Central Power & Light,* 909 S.W.2d 893, 895 (Tex.1995).

In the alternative, Weirich's affidavit and summary judgment evidence clearly supports a genuine fact issue on the claims of negligence per se and *res ipsa loquitur* asserted in the amendment. CR 127-134 & CR 138-139. As to *negligence per se*, the statutes cited below were plainly designed to protect the class of people such as Weirich and the violation of the statutes proximately caused Weirich's injuries. As to *res ipsa loquitur*, the incident "speaks for itself" and (1) Weirich's injuries would not have occurred without negligence, and (2) the IESI garbage truck was under the sole possession and control of Southside Wrecker at the time of the incident.

**C. The Trial Court erred in Striking Plaintiff Judy Weirich's Affidavit from the Summary Judgment Evidence**

6

In Texas, affidavits are routinely recognized as competent summary judgment evidence. *See Mansions in the Forest, LP v. Montgomery Cty.,* 365 S.W.3d 314, 316-17 (Tex. 2012). In fact, it is so commonplace that it goes without citation that the most common form of summary judgment evidence is the affidavit. The minimum requirement for an affidavit is that it must be sworn. *See id.* The affidavit must contain facts that would be admissible in evidence at a conventional trial on the merits. TRCP 166a(f). It must also affirmatively show that the witness is competent to testify about the matters in the affidavit and that the facts are based on personal knowledge. TRCP 166a(f). An affidavit must not be based on legal or factual conclusions. *See Brownlee v. Brownlee,* 665 S.W.2d 111, 112 (Tex.1984). The statements must be susceptible to being readily controverted. *See* TRCP 166a(c); *Ryland Grp. v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996).

In this case, Judy Weirich who had personal knowledge of the facts at issue as she was involved in the automobile accident and gave a sworn affidavit to support her response to Defendants' no-evidence motions for summary judgment. CR 138-139. Weirich is competent to testify in this matter as she was 61 years of age at the time of her testimony. *Id.* The affidavit clearly shows that she was involved in the accident and knew that her car was struck with a wheel of an IESI garbage truck which was being towed by Southside Wrecker. *See id.* In fact,

Weirich's affidavit sets forth the incident made the basis of this lawsuit with specific facts. *See id.* The facts contained in the affidavit are susceptible to being readily controverted in this simple personal injury case. CR 138-139; *See* TRCP 166a(c); *Ryland Grp. v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996). Instead of controverting the facts, the Defendants' made general statements that Weirich's affidavit was conclusory. CR 149-164.

Clearly, Weirich's affidavit constitutes competent summary judgment evidence, should not have been struck from the summary judgment record, and plainly creates a genuine issue of fact on the theories of recovery set forth in Weirich's live pleading. CR 127, *et seq.*

As a result, the trial court committed error by dismissing Weirich's claims and must be reversed. This Court should remand this case to the trial court for a determination on the merits.

**D.     The Trial Court Erred in Granting No-Evidence Motion for Summary Judgments on Weirich's Negligence and Gross-Negligence Claims**

The trial court erred in granting Defendants' no-evidence motions for summary judgment because Weirich presented summary judgment evidence to support all elements of her claims in this personal injury lawsuit. CR 138-139. The elements of a negligence action are the following: (1) the defendant owed a legal duty to the plaintiff, (2) the defendant breached the duty, and (3) the breach

8

proximately caused the plaintiff's injury. *See Western Invs. V. Urena*, 162 S.W.3d 547, 550 (Tex.2005).

The existence of a duty is generally a question of law. *See Nabors Drilling, USA, Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009). The duty for owners and drivers to assure that vehicles are safe on our Texas highways is deeply rooted in our jurisprudence. In Texas, drivers and owners of vehicles, including but not limited to IESI and Southside, have a duty to ensure that their vehicles either driven or towed are in safe working order. The Texas Transportation Code affirms this duty and prohibits the operation of an unsafe vehicle or a vehicle in a mechanical condition that endangers a person. Tex.Transp. Code Ann. §547.004(a) & §548.604(a).

Moreover, Texas courts have specifically recognized the duty of a motor carrier to ensure the lug nuts on wheels are not loose. *See Omega Contracting, Inc. v. Torres,* 191 S.W.3d 828, 840-841 (Tex.App.—Fort Worth, 2006, no pet.). This duty includes a requirement to inspect the vehicle and assure that the vehicle is in a safe operating condition.

Southside Wrecker was towing the IESI garbage truck on the day the entire wheel of the IESI truck came off and struck Weirich's automobile. CR 138-139. IESI's obvious failure to maintain its vehicle to avoid the entire wheel separating from its garbage truck clearly constitutes a breach of its duty. CR 138-139.

9

Indeed, IESI's breach was the proximate cause of damages set forth in Weirich's affidavit.

Similarly, Southside's failure to ensure that the vehicle it was towing was in safe operating condition, i.e. that the lug nuts were secure on the wheel, constitutes a breach of duty which proximately caused Weirich's damages. CR 138-139. Defendants offer no excuse for the wheel coming off. The only reasonable explanation for it occurring is negligence on behalf of the Defendants. At a minimum, Weirich's summary judgment evidence establishes a genuine issue of fact and would survive the standard for a directed verdict.

### E. Defendants' conduct amounted to gross negligence

Defendant IESI's conduct amounted to gross negligence. IESI as a garbage disposal company and owner of vehicles clearly understands that failing to provide minimal maintenance to its vehicles to ensure that the wheels of the vehicle remain attached to the body of the vehicle involves an extreme degree of risk to the public as directly evidenced by what happened here. CR 138-139. IESI was aware of this risk just as every other reasonable Texas citizen. However, it proceeded with conscious indifference to what could and did happen to others on the highway. *See id.*

Defendant Southside Wrecker's conduct amounted to gross negligence. Southside Wrecker as a towing company and owner of vehicles clearly understands

10

that failing to minimally inspect a vehicle that it tows to ensure that the wheels of the vehicle remain attached to the body of the vehicle involves an extreme degree of risk to the public as directly evidenced by what happened here. CR 138-139. Southside Wrecker was aware of this risk just as every other reasonable Texas citizen. However, it proceeded with conscious indifference to what could and did happen to others on the highway. CR 138-139.

## CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant Judy Weirich respectfully prays that this Court reverse the trial court's granting of Defendant's no-evidence motions for summary judgment. Appellant further prays that the Court grant to Appellant such other and further relief to which she is justly entitled.

Respectfully submitted,

/s/ Zachary P. Hudler
Zachary P. Hudler
State Bar No. 24032318
ZACHARY P. HUDLER, P.C.
100 E. Pecan Street, Suite One
P.O. Box 1728
Johnson City, Texas 78636
830.868.7651 (Telephone)
830.868.7636 (Facsimile)
ATTORNEY FOR APPELLANT JUDY WEIRICH

11

## CERTIFICATE OF COMPLIANCE

I, Zachary P. Hudler, attorney for Appellant Judy Weirich, certify that this document was generated by a computer using Microsoft Word 2010 which indicates that the word count of this document is 1,502 per Tex. R. App. P. 9.4 (i).

/s/ Zachary P. Hudler
Zachary P. Hudler

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Brief of Appellant has been served on the attorneys listed below by e-service, on the 8th day of April, 2015:

Mr. Vaughan E. Waters
Thornton, Biechlin, Segrato, Reynolds & Guerra, L.C.
Fifth Floor - One International Centre
100 N.E. Loop 410
San Antonio, Texas 78216
vwaters@thorntonfirm.com

George J. Petras V
The Petras Law Firm
1504 San Antonio Street
Austin, Texas 78701
gpetras@petraslawfirm.com

/s/ Zachary P. Hudler
Zachary P. Hudler

APPENDIX

1. Order on Defendant IESI TX CORP.'s No-Evidence Motion for Summary Judgment signed by Judge J. Allan Garrett on November 12, 2014.

2. Order Granting Southside Wrecker, Inc.'s No-Evidence Motion For Summary Judgment, For Severance and Final Judgment signed by Judge J. Allan Garrett on December 8, 2014.

APPENDIX 1

CAUSE NO. CV07387

JUDY WEIRICH,                        §        IN THE DISTRICT COURT
        *Plaintiff*                  §
                                     §
v.                                   §        424TH JUDICIAL DISTRICT
                                     §
IESI CORPORATION                     §
and SOUTHSIDE WRECKER, INC.,         §
        *Defendants*                 §        BLANCO COUNTY, TEXAS

## ORDER ON DEFENDANT IESI TX. CORP.'S NO-EVIDENCE MOTION FOR SUMMARY JUDGMENT

Came on for consideration on October 24, 2014 Defendant IESI TX. Corp.'s No-Evidence Motion for Summary Judgment. The Court, after due consideration of the pleadings, IESI TX. Corp.'s Motion and evidence, the Plaintiff's Response thereto and the unobjectionable portions of her affidavit, is of the opinion that the motion has merit and should be granted. It is therefore

ORDERED that Defendant IESI TX. Corp.'s No-Evidence Motion for Summary Judgment be and is hereby GRANTED; and it is further

ORDERED, ADJUDGED AND DECREED that Plaintiff take nothing by way of suit against IESI TX. Corp.'s.; and it is further

ORDERED that Plaintiff pay Defendant IESI TX. Corp.'s costs of court; and it is further

ORDERED, AJUDGED AND DECREED that all relief not expressly granted herein as between Defendant IESI TX. Corp.'s and any party be and is hereby DENIED; and it is further

ORDERED, ADJUDGED AND DECREED that this judgment be and is hereby severed from the remaining case, if any, and is final for all purposes, having disposed of all claims by and between IESI TX. Corp.'s and all parties. This is an appealable final judgment.

DEBBY ELSBURY
CLERK DISTRICT COURT BLANCO COUNTY, TEXAS
FILED

NOV 1 4 2014

AT 5:39 O'CLOCK P M
BY _____
        CLERK

*38179 / Order on Defendant's No-Evid MSJ*                1

SIGNED this __12th__ day of November, 2014.

 

 

JUDGE J. ALLAN GARRETT

APPENDIX 2

CAUSE NO. CV07387

| | | |
|---|---|---|
| JUDY WEIRICH | § | IN THE DISTRICT COURT |
| PLAINTIFF | § | |
| | § | |
| v. | § | 424TH JUDICIAL DISTRICT |
| | § | |
| IESI CORPORATION | § | |
| AND SOUTHSIDE WRECKER, INC. | § | |
| DEFENDANTS | § | BLANCO COUNTY, TEXAS |

## ORDER GRANTING SOUTHSIDE WRECKER, INC.'S NO EVIDENCE MOTION FOR SUMMARY JUDGMENT, FOR SEVERANCE AND FINAL JUDGMENT

Came on for consideration on October 24, 2014 Defendant Southside Wrecker, Inc.'s No-Evidence Motion for Summary Judgment. The Court, after due consideration of the pleadings, the motion, the response thereto, the reply, affidavits, other evidence on file, and the arguments of counsel, is of the opinion that the motion has merit and should be granted. It is therefore

ORDERED that Defendant Southside Wrecker, Inc.'s No-Evidence Motion for Summary Judgment be and is hereby GRANTED; and it is further

ORDERED, ADJUDGED AND DECREED that Plaintiff take nothing by way of suit against Southside Wrecker, Inc., only; and it is further

ORDERED that Plaintiff pay Defendant Southside Wrecker, Inc.'s costs of court; and it is further

ORDERED, AJUDGED AND DECREED that all relief not expressly granted herein as between Defendant Southside Wrecker, Inc. and any party be and is hereby denied; and it is further

ORDERED, ADJUDGED AND DECREED that this judgment be and is hereby severed from the remaining case, if any, and is final for all purposes, having disposed of all claims by

and between Southside Wrecker Service, Inc. and all parties. This is an appealable final judgment.

SIGNED this ___8___ day of ~~November,~~ December 2014.

_____
PRESIDING JUDGE

APPROVED:

THE PETRAS LAW FIRM PLLC
1504 San Antonio Street
Austin, Texas 78701
(512) 334-9583 Telephone
(512) 334-9709 Facsimile

By: _____
George J. Petras IV
State Bar No. 15850510

ATTORNEY FOR DEFENDANT
SOUTHSIDE WRECKER, INC.