ACCEPTED
03-15-00295-CV
6815982
THIRD COURT OF APPEALS
AUSTIN, TEXAS
9/7/2015 11:40:19 PM
JEFFREY D. KYLE
CLERK

Cause No. 03-15-00295-CV

IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS AT AUSTIN

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
9/8/2015 11:40:19 PM
JEFFREY D. KYLE
Clerk

Gerald Kostecka,
Appellant

VS

Smoky Mo's Franchise, LLC d/b/a Smokey Mo's BBQ,
Appellee

On appeal from the 26th Judicial District Court of Williamson County, Texas

BRIEF OF APPELLANT

Stuart Whitlow
LAW OFFICES OF STUART WHITLOW
1104 S. Mays Street, Suite 116
Round Rock, Texas 78664
(737) 346-1839
(512) 255-5938 (fax)
stuartwhitlowlaw@yahoo.com
ATTORNEY FOR APPELLANT

ORAL ARGUMENT REQUESTED

C:\KOSTECKA BRIEF APPELLANT 090415.DOC

NAMES OF ALL PARTIES TO FINAL JUDGMENT

PLAINTIFF/APPELLANT:

Gerald Kostecka

Represented at trial and on appeal by:

Stuart Whitlow
LAW OFFICES OF STUART WHITLOW
1104 S. Mays Street, Suite 116
Round Rock, Texas 78664
(737)346-1839
(512) 255-5938 (fax)
stuartwhitlowlaw@yahoo.com


DEFENDANT/APPELLEE:

Smokey Mo's Franchise, LLC d/b/a Smokey Mo's BBQ

Represented at trial and on appeal by:

Robert A. House
Clark & Trevino
1701 Directors Blvd., Suite 920
Austin, Texas 78744

# TABLE OF CONTENTS

**Page**

INDEX OF AUTHORITIES...........................................................vi, vii

STATEMENT OF THE CASE.................................................................1

ISSUE PRESENTED ON APPEAL .........................................................2

> Did the trial court err in granting Smokey Mo's Franchise, LLC d/b/a Smokey Mo's BBQ's no-evidence motion for summary judgment inasmuch as Appellant raised a material issue of fact with respect to each of the elements of Appellant's premises liability claim challenged by Appellee?

STATEMENT OF FACTS ......................................................................2

SUMMARY OF ARGUMENT................................................................4

ARGUMENT ........................................................................................5

> A.   The trial court erred in granting Appellee's no-evidence motion for summary judgment inasmuch as Appellant raised a material issue of fact respect to all of the elements of Appellant's' premises liability claim challenged by Appellee.

CONCLUSION AND PRAYER FOR RELIEF ...............................................
..............9

CERTIFICATE OF SERVICE ..............................................................11

APPENDIX ......................................................................................12

# INDEX OF AUTHORITIES

## CASES

Page

*Adam Dante Corp. v. Sharpe*, 483 S.W.2d 452, 454 (Tex.1972)............6, 7

*Carlisle v. J. Weingarten, Inc.*, 152 S.W.2d 1073, 1074 (Tex. 1941)..........6, 8

*Del Lago Partners v. Smith*, 307 S.W.3d 762, 767 (Tex. 2010)...............6

*Ford Motor Company v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004).........4

*Howe v. Kroger Co.*, 598 S.W.2d 929, 930-931 (Tex.App. – Dallas 1980, no writ.).........7

*In re Mohawk Rubber Company*, 982 S.W.2d 494, 498 (Tex. App. Texarkana 1998, orig. proceeding)......4

*Lehrer v. Zwernemann*, 14 S.W.3d 775, 777 (Tex.App.- Houston [1st Dist.] 2000 pet.denied).....5

*Nixon v. Mr. Property Management Company*, 690 S.W.2d 546, 548-549 (Tex. 1985).....5

*Randall v. Dallas Power & Light Company*, 752 S.W.2d 4,5 (Tex. 1988 (per curiam)......5

*Rosas v. Buddies Food Store*, 518 S.W.2d 534, 536 (Tex. 1975).........6,7

*State v. Williams*, 940 S.W.2d 583 (Tex. 1996)...............................8

*Timpte Industries, Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex.2009) (per curiam)......5

*Trico Techs v. Montiel*, 949 S.W.2d 308, 310 (Tex. 1997)...................9

## STATUTES, RULES AND REGULATIONS

Texas Rule of Evidence
801(e)(2)(D)..................................................................7

IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS AT AUSTIN

Gerald Kostecka,
Appellant

**VS**

Smokey Mo's Franchise, LLC, d/b/a Smokey Mo's BBQ,
Appellee

On appeal from the 26th Judicial District Court of Williamson County, Texas

## BRIEF OF APPELLANTS

TO THE HONORABLE COURT OF APPEALS:

Appellant, Gerald Kostecka, submits this brief in support of his appeal and request for reversal of the trial court's order granting Appellee's no-evidence motion for summary judgment. Appellant asks that this cause be set for submission on oral argument.

## STATEMENT OF THE CASE

This is an appeal from an order granting Appellee Smokey Mo's Franchise, LLC d/b/a Smokey Mo's BBQ's no-evidence motion for summary that Appellant take nothing on his premises liability claims against Smokey Mo's Franchise, LLC d/b/a Smokey Mo's BBQ (hereinafter Appellee). Appellant brought a premises liability claim against Appellee at the trial court.

Appellee filed a no-evidence motion for summary judgment which alleged that Appellant had no evidence for elements of his premises liability claim. The trial court granted Appellee's no-evidence motion for summary judgment. Appellant timely perfected his appeal to this Court.

## ISSUES PRESENTED ON APPEAL

Did the trial court err in granting Appellee's no-evidence motion for summary judgment inasmuch as Appellant raised a genuine issue of material fact with respect to all of the elements of Appellant's premises liability claim challenged by Appellee?

## STATEMENT OF FACTS

With respect to the incident which is the basis of this case, on October 12, 2010 Appellant and his wife went to Appellee Smokey Mo's BBQ restaurant for dinner. See Plaintiff Gerald Kostecka's Response to Defendant's Motion for Summary Judgment (hereinafter "Response"), Supplemental Clerk's Record, Volume 1, P. 7. During the course of the meal, Appellant reached for the salt shaker on the table. See Response, Supplemental Clerk's Record, Volume 1, P. 7. When he did, the chair shot out from under Appellant and Appellant fell to the floor landing on his left knee. Response, Supplemental Clerk's Record, Volume 1, P. 7. A Smokey Mo's employee named Aaron told Appellant right after the fall that Appellee knew that the

nature of the bottom of the chair legs and the paint used on the floor created a dangerous situation for its customers in terms of a chair moving out from under customers like this particular chair did in Appellant's case. Response, Supplemental Clerk's Record, Volume 1, P. 7. After that, Appellant spoke with Matthew of Appellee Smokey Mo's BBQ and Matthew said that he had been sold the wrong paint for the restaurant floor and that it created an unsafe condition for the customers and even for the workers in kitchen. Response, Supplemental Clerk's Record, Volume 1, P. 7. Matthew further said that the kitchen was so dangerous and slippery that they had to sand texture the floor and that this was destroying the mops. Response, Supplemental Clerk's Record, Vol 1, P. 7. Despite this knowledge, Appellee did not warn Appellant about this dangerous condition prior to his fall. Response, Supplemental Clerk's Record, Volume 1, P. 7. Appellee failed to exercise ordinary care in allowing the situation with respect to the chairs and floor in its restaurant to continue in spite of its knowledge of the danger this situation posed to customers of Appellee. Response, Supplemental Clerk's Record, Volume 1, P. 7. Appellee also failed to exercise reasonable care in warning Appellant about this dangerous condition. Response, Supplemental Clerk's Record, Volume 1, P. 7. As a result of the fall, Appellant sustained substantial injuries to his body (in particular his left leg and knee) and felt severe pain and suffering.

Response, Supplemental Clerk's Record, Volume 1, P. 7. As a result of the fall, Appellant also has experienced substantial physical impairment and mental anguish. Response, Supplemental Clerk's Record, Volume 1, P. 7. Such pain and suffering, as well as the physical impairment resulting from the injuries and mental anguish, continue until this day. Response, Supplemental Clerk's Record, Volume 1, P. 7.

## SUMMARY OF ARGUMENT

Appellant hereby incorporates the factual assertions set forth in the Statement of Facts set forth above. Appellee contended at the trial court that Appellants' claims should be dismissed because Appellant has produced no evidence that raised a fact issue with respect to any of the elements of his premises liability claim. The nonmovant to a no-evidence motion for summary judgment must respond to the motion by raising a genuine issue of material fact with respect to each challenged element. *Ford Motor Company v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). This will defeat the no-evidence motion for summary judgment. *Id.* The nonmovant raises a genuine issue of material fact with respect to each challenged element by bringing forth more than a scintilla of evidence. *Ridgway*, 135 S.W.3d at 600. The nonmovant may use both direct and circumstantial evidence to produce more than a scintilla of evidence. *Ridgway*, 135 S.W.3d at 600-601. If the non-movant's

summary judgment proof provides a basis for conflicting inferences, a fact issue will arise. *Randall v. Dallas Power & Light Company*, 752 S.W.2d 4, 5 (Tex. 1988) (per curiam). Evidence favorable to the non-movant will be taken as true, every reasonable inference will be indulged in favor of the nonmovant, and any doubts will be resolved in the nonmovant's favor. *Nixon v. Mr. Property Management Company*, 690 S.W.2d 546, 548-549 (Tex. 1985); *Lehrer v. Zwernemann*, 14 S.W.3d 775, 777 (Tex.App.—Houston [1st Dist.] 2000 pet. denied). In deciding whether there is a disputed fact issue, the court considers all the evidence in the light most favorable to the nonmovant. *Timpte Industries, Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009) (per curiam). To defeat a no-evidence motion for summary judgment, the nonmovant is not required to marshal its proof. *In re Mohawk Rubber Company*, 982 S.W.2d 494, 498 (Tex. App. Texarkana 1998, orig. proceeding). Marshaling evidence means organizing all of the evidence in the order that it will be presented at trial. *Id.* The nonmovant's response only needs to point to evidence that raises a fact issue on the elements which are challenged. *Id.* In other words, the nonmovant must only point to facts which raise more than a scintilla of evidence on the challenged elements. *Id.*

## ARGUMENT

A.     The trial court erred in granting Appellee's no-evidence motion for

summary judgment inasmuch as Appellant raised a genuine issue of material fact with respect to each of the elements of Appellant's premises liability claim challenged by Appellee.

The elements of a cause of action for premises liability brought by an invitee such as Appellant are (1) appellant was an invitee, (2) the appellee was a possessor of the premises, (3) a condition on the premises posed an unreasonable risk of harm, (4) the appellee knew or reasonably should have known of the danger, (5) the appellee breached its duty of ordinary care by (a) failing to adequately warn the appellant of the condition or (b) failing to make the condition safe (6) the appellee's breach proximately caused the appellant's injury. *Del Lago Partners v. Smith*, 307 S.W.3d 762, 767 (Tex. 2010). Appellant has shown through his affidavit that he was a customer in Appellee's restaurant. This raises a fact issue with respect to whether Appellant was an invitee of Appellee for purposes of Appellant's premises liability claim. *Adam Dante Corp. v. Sharpe*, 483 S.W.2d 452, 454 (Tex. 1972). Appellant stated in his affidavit that he and his wife went to Appellee's restaurant, which provides more than a scintilla of evidence and raises a fact issue with respect to whether Appellee was the possessor of the premises for the purposes of premises liability. *Rosas v. Buddies Food Store*, 518 S.W.2d 534, 536 (Tex. 1975); *Carlisle v. J. Weingarten, Inc.*, 152 S.W.2d 1073, 1074 (Tex. 1941);

See *Howe v. Kroger Co.*, 598 S.W.2d 929, 930-931 (Tex.App. – Dallas 1980, no writ.) Appellant also identified in his affidavit two conversations in which Appellee's people stated that they were aware of the dangerous condition which caused Appellant to fall, what the nature of the dangerous condition was and what Appellee had tried to do in its kitchen to keep its own employees from falling and injuring themselves. Appellant's description of these conversations in his affidavit are not hearsay but rather are admissions by a party/opponent. Tex. R. Evid. 801(e)(2)(D)) This summary judgment proof provides more than a scintilla of evidence and raises a fact issue with respect to whether the condition at the restaurant posed an unreasonable risk of harm and that the harm resulting from the condition was foreseeable. *Rosas v. Buddies Food Store*, 518 S.W.2d 534, 537 (Tex. 1975). Had there been any need for expert testimony (which there was not), these admissions would also remove the need for that. Clearly, these conversations also provide more than a scintilla of evidence and thus raise fact issues with respect to whether Appellee had actual or constructive knowledge that the condition posed an unreasonable risk of harm. *Sharpe*, 483 S.W.2d at 454. (Constructive knowledge is what a person or entity may not actually know but objectively should know or has reason to know – See Black's Law Dictionary 950, 9th ed., 2009). Appellee had a duty to exercise ordinary care to keep the premises in

reasonably safe condition for its invitees. *Carlisle v. J. Weingarten, Inc.*, 152 S.W.2d 1073, 1074 (Tex. 1941). Appellant has brought forth more than a scintilla of evidence and thus raised material issues of fact with respect to whether Appellee breached that duty by failing to exercise ordinary care to reduce or eliminate the risk involving the floor and chairs to Appellant and those similarly situated. *State v. Williams*, 940 S.W.2d 583 (Tex. 1996). Further, Appellant has raised fact issues with respect to whether Appellee breached the duty of ordinary care by failing to warn Appellant about the dangerous condition created by the paint on the floor and the restaurant chairs despite the fact that Appellee was aware of these dangers and risks created by the condition of the chairs and the floor. *Id.* Appellant has also brought forth more than a scintilla of evidence and raised a fact issue with respect to whether the negligent failure to exercise ordinary care (breach of duty) by Appellant with respect to the dangerous condition created by the chairs and floor were a direct and proximate cause of the injuries, harm and damages to Appellant.

Before the District Court, Appellee sought to characterize the Affidavit of Gerald Kostecka in support of Plaintiff's Response to Defendant's Motion for Summary Judgment was very complicated. Actually, the affidavit is very simple. It states forth what happened at the time of the incident which is the

basis of this case and includes a conversation with one of Appellee's employees shortly after the incident where the employee admitted that Appellant fell as a result of a dangerous condition concerning which Appellee was aware. Appellant's affidavit also includes a discussion that he had a few days after the incident occurred with another person at Smokey Mo's who also admitted that Appellant fell as a result of a dangerous condition with respect to which Appellee was aware. In his affidavit, Appellant also discussed the harm that he sustained as a result of his fall at the restaurant. The testimony in his affidavit is positive, direct, credible, clear and free from contradiction. Even if this was a traditional motion for summary judgment by a defendant and that defendant was presenting his or her own "interested party" affidavit (very similar to Apppellant's affidavit in terms of the attributes set forth above in the preceding sentence) in support of its traditional motion for summary judgment, the defendant's affidavit would support a traditional motion for summary judgment if the facts in it were not properly controverted by the plaintiff. *Trico Techs v. Montiel*, 949 S.W.2d 308, 310 (Tex, 1997).

## CONCLUSION AND PRAYER FOR RELIEF

As Appellant Gerald Kostecka has demonstrated, the trial court erred in granting Appellee Smokey Mo's Franchise, LLC d/b/a Smokey Mo's BBQ's no-evidence motion for summary judgment as to Appellant's premises liability

claim. Appellant properly raised a material issue of fact with respect to each of the elements of the premises liability claim brought by Appellant. Accordingly, the summary judgment issued by the trial court should be reversed and the cause should be remanded for trial.

WHEREFORE, Appellant Gerald Kostecka asks this Court to rule for Appellant with respect to the issues he presented for appeal, to reverse the trial court's granting of Appellee Smokey Mo's Franchise, LLC d/b/a Smokey Mo's BBQ's motion for no-evidence summary judgment and to remand the cause to the trial court for further proceedings. Appellant further respectfully requests that this Court assess costs of this appeal against Appellee, Tex. R. App. P. 82, and grant Appellant such other and further relief to which he may be entitled.

Respectfully submitted,

LAW OFFICES OF STUART WHITLOW
1104 S. Mays Street, Suite 116
Round Rock, Texas 78664
(737)346-1837
(512) 255-5938 (fax)
stuartwhitlowlaw@yahoo.com


By: _____/s/ Stuart Whitlow_____
Stuart Whitlow
State Bar No. 21378050
ATTORNEY FOR APPELLANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to the following counsel of record listed below on this 4th day of September, 2015.

Robert A. House
Clark & Trevino
1701 Directors Blvd, Suite 920
Austin, Texas 78744

_____/s/ Stuart Whitlow_____
Stuart Whitlow

## CERTIFICATE OF PAGE NUMBER COMPLIANCE

I hereby certify that I have counted the words in the brief and that they total 1955.

_____/s/Stuart Whitlow_____
Stuart Whitlow

## APPENDIX

Document

Plaintiff Gerald Kosteck's Response to Defendant's Motion for Summary Judgment

Filed: 12/9/2014 1:09:29 PM
Lisa David, District Clerk
Williamson County, Texas
Ellie Saucedo

12-1117-C26

CAUSE NO. ~~12-117-C26~~

| | | |
|---|---|---|
| GERALD KOSTECKA,<br>Plaintiff | § <br> § <br> § | IN THE DISTRICT COURT |
| V. | § <br> § | WILLIAMSON COUNTY,<br>TEXAS |
| SMOKEY MO'S FRANCHISE, LLC D/B/A<br>SMOKEY MO'S BBQ, | § <br> § <br> § <br> § <br> § | |
| Defendant | § | 26th JUDICIAL DISTRICT |

## PLAINTIFF GERALD KOSTECKA'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COMES NOW, Plaintiff Gerald Kostecka and files this his Response to Defendant's No-Evidence Motion for Summary Judgment, and in support thereof states as follows:

### I.

Defendant has filed a No-Evidence Motion for Summary Judgment in this case. Plaintiff can raise fact issues with respect to each of the elements of its causes of action.

### II.

With respect to the incident which is the basis of this case, on October 12, 2010 Plaintiff and his wife went to Defendant Smokey Mo's BBQ restaurant for dinner. See Affidavit of Gerald Kostecka attached hereto as Exhibit "A" and fully incorporated herein by reference. During the course of the meal, Plaintiff reached for the salt shaker on the table. See Exhibit "A." When he did, the chair shot out from under Plaintiff and Plaintiff fell to the floor landing on his left knee. See Exhibit "A." A Smokey Mo employee named Aaron told Plaintiff right after the fall that Defendant knew that the nature of the bottom of the chair legs and the paint used on the

floor created a dangerous situation for its customers in terms of a chair moving out from under customers like this particular chair did in Plaintiff's case. See Exhibit "A." After that, Plaintiff spoke with Matthew at Defendant Smokey Mo's BBQ and he said that he had been sold the wrong paint for the restaurant floor and that it created an unsafe condition for the customers and even for the workers in kitchen. See Exhibit "A." Matthew further said that the kitchen was so dangerous and slippery that they had to sand texture the floor and that this was destroying the mops. See Exhibit "A." Despite this knowledge, Defendant did not warn Plaintiff about this dangerous condition prior to my fall. See Exhibit "A." Defendant failed to exercise ordinary care in allowing the situation with respect to the chairs and floor in its restaurant to continue in spite of its knowledge of the danger this situation posed to customers of Defendant. See Exhibit "A." Defendant also failed to exercise reasonable care in warning Plaintiff about this dangerous condition. See Exhibit "A." As a result of the fall, Plaintiff sustained substantial injuries to his body (in particular his left leg and knee) and felt severe pain and suffering. See Exhibit "A." As a result of the fall, Plaintiff also has experienced substantial physical impairment and mental anguish. Such pain and suffering, as well as the physical impairment resulting from the injuries and mental anguish continue until this day. Exhibit "A."

## III.

Plaintiff has shown that he was a customer in Defendant's restaurant. As a result, Defendant had a duty to exercise reasonable care to avoid a foreseeable risk of injury to Plaintiff and those similarly situated invitees. Defendant breached that duty by failing to exercise reasonable care to reduce or eliminate the risk involving the floor and chairs to Plaintiff and those similarly situated. Further, Defendant failed to warn Plaintiff about the dangerous condition created by the paint on the floor and the restaurant chairs despite the fact that

4

Defendant was aware of this dangers and risks created by the condition of the chairs and the floor. The negligent, careless and/or reckless acts and omissions of Defendant with respect to the dangerous condition created by the chairs and floor were a direct and proximate cause of the injuries, harm and damages to Plaintiff.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Gerald Kostecka respectfully submits this Response to Defendant's No-Evidence Motion for Summary Judgment and requests that the Court deny Defendant's No-Evidence Motion for Summary Judgment and that the Court grant Plaintiff such other relief to which Plaintiff is entitled.

Respectfully submitted,

LAW OFFICES OF STUART WHITLOW
Stuart Whitlow
1104 S. Mays, Suite 116
Round Rock , Texas 78664
(512) 218-9292
(512) 218-9235 FAX

By:_____/s/_____
    Stuart Whitlow
    SBN: 21378050
    Email:stuartwhitlowlaw@yahoo.com
    ATTORNEY FOR PLAINTIFF
    GERALD KOSTECKA

IZZO & SEMLER, PLLC
1104 S. Mays, Suite 116
Round Rock, Texas 78664
(512) 218-9292
(512) 218-9235 FAX

By:_____/s/_____
    John Thomas Izzo
    SBN: 24007426
    Email:dahlia@roundrocklaw.com
    ATTORNEYS FOR PLAINTIFF
    GERALD KOSTECKA

## CERTIFICATE OF SERVICE

I hereby certify that I have served opposing counsel, Mr. Steven B. Loomis of Clark, Price & Trevino, Southpark One, Suite 920, 1701 Directors Boulevard, Austin, Texas 78744 in accordance with the Texas Rules of Civil Procedure on this the 9th day of December, 2014.

_____/s/_____

Stuart Whitlow

12-1117-C26

CAUSE NO. ~~12-117-C26~~

| | | |
|---|---|---|
| GERALD KOSTEKA, <br> Plaintiff | § <br> § <br> § | IN THE DISTRICT COURT |
| V. | § | WILLIAMSON COUNTY, <br> TEXAS |
| SMOKEY MO'S FRANCHISE, LLC D/B/A <br> SMOKEY MO'S BBQ, | § <br> § <br> § <br> § <br> § <br> § | |
| Defendant | § | 26th JUDICIAL DISTRICT |

## AFFIDAVIT OF GERALD KOSTECKA

Before me, the undersigned notary, appeared a person whose identity is known to me as Gerald Kostecka. After I administered the oath to him, upon his oath he swore as follows:

"My name is Gerald Kostecka and I am competent to testify to the facts set forth below. I am the Plaintiff in the above styled and numbered cause. I am over 21 years of age and have personal knowledge of the facts set forth herein. The facts stated herein are true and correct.

"With respect to the incident which is the basis of this case, on October 12, 2010 my wife and I went to Defendant Smokey Mo's BBQ for dinner. During the course of the meal, I reached for the salt shaker on the table. When I did the chair shot out from under me and I fell to the floor jamming my left knee. A Smokey Mo employee named Aaron told me right after the fall that Defendant knew that the nature of the bottom of the chair legs and the paint used on the floor created a dangerous situation for its customers in terms of a chair moving out from under customers like this particular chair did in my case. After that, I spoke with Matthew at Defendant Smokey Mo's BBQ and he said that he had been sold the wrong paint for the restaurant floor and that it created an unsafe condition for the customers and even for the workers in kitchen. He said that the kitchen was so dangerous that they had to sand texture the floor and that this was destroying the mops. Despite this knowledge, Smokey Mo's did not warn me about this dangerous condition prior to my fall. Smokey Mo's failed to exercise ordinary care in allowing the situation with respect to the chairs and floor in its restaurant to continue in spite of its knowledge of the danger this situation posed to customers of Smokey Mo's. Smokey Mo also failed to exercise reasonable care in warning me about this dangerous condition. As a result of the fall, I sustained substantial injuries to my body (in particular my left leg and knee) and felt severe pain and suffering. As a result of the fall, I also have experienced substantial physical impairment and mental anguish. Such pain and suffering, as well as the physical impairment resulting from the injuries and mental anguish continues until this day.

Envelope# 3425618

7

"Further, Affiant sayeth not."



Gerald Kostecka

SWORN TO AND SUBSCRIBED before me on this __8__ day of December, 2014.

Notary Public In and For the State of Texas

My Commission Expires: __7-3-2015__

NOTARY PUBLIC
STATE OF TEXAS

DAHLIA VILLALOBOS
Notary Public, State of Texas
My Commission Expires
07-03-2015

8





**Lisa David**

DISTRICT CLERK

P.O. Box 24, Georgetown, Texas 78627

512.943.1212   Fax 512.943.1222

THE STATE OF TEXAS §

§                                                    12-1117-C26

COUNTY OF WILLIAMSON §

I, LISA DAVID, Clerk of the District Courts of Williamson County, Texas, do hereby certify that the documents contained in the Clerk's Record to which this certification is attached are true and correct copies of the documents specified by Texas Rule of Appellate Procedure 34.5(a) and all other documents timely requested by a party to this proceeding under Texas Rule of Appellate Procedure 34.5(b).

GIVEN UNDER MY HAND AND SEAL at my office in Williamson County, Texas, on this the 18th day of August, 2015.

LISA DAVID, Clerk

Williamson County District Courts

By: _____

Angela Garcia, Deputy