Robert RANDALL, Petitioner,

v.

DALLAS POWER & LIGHT
COMPANY, et al.,
Respondents.

No. C–7360.

Supreme Court of Texas.

June 15, 1988.

L.L. "Mick" McBee and Michael T. Maher, Dallas, for petitioner.

Wm. Stephen Boyd and W. Stephen Cockerham, Worsham, Forsythe, Sampels & Wooldridge, Dallas, for respondents.

PER CURIAM

This case arises from an automobile collision between Randall and Prior, a Dallas Power & Light Co. (DPL) employee. The trial court granted summary judgment in favor of DPL. The court of appeals affirmed the trial court's judgment, holding that although Randall's affidavit alleged representations by DPL's claims agent concerning future damages, Randall's deposition testimony made it clear that the agent made no express representations about future damages. The court of appeals further held that the information in Randall's affidavit consisted of a unilateral or subjective determination of the facts, and that such information does not constitute summary judgment evidence. 745 S.W.2d 397. We reverse the judgment of the court of appeals and remand the cause to the trial court.

Randall and Prior were involved in an automobile collision. Randall sued Prior and DPL, alleging damages proximately caused by Prior's negligence. DPL and Prior moved for summary judgment asserting release and accord and satisfaction as complete defenses to Randall's negligence action. Randall then amended his pleadings alleging mutual mistake and fraud in response to the defenses of release and accord and satisfaction. In support of his opposition to the summary judgment, Randall filed an affidavit stating that Gerald Moore, a claims representative at DPL, made various representations to him regarding compensation for car repairs and his personal injuries. He further stated in

his affidavit that Mr. Moore offered to compensate him for some of his losses suffered up to that point, and assured him that DPL would take care of any future problems. The trial court denied the first summary judgment motion. DPL subsequently deposed Randall concerning the representations he alleged in his affidavit. During the deposition, Randall stated that he could not remember any representations being made by the claims agent regarding future damages or expenses. After Randall's second deposition was taken, DPL filed its second motion for summary judgment which was granted by the trial court.

■ The focal point of this case evolves from the issue of whether conflicting statements made in an affidavit and deposition raise a fact question which would preclude summary judgment. In this case, the court of appeals acknowledged that Randall's affidavit alleged representations made by DPL's claims agent concerning future damages. However, the court of appeals ignored these statements, concluding that they were unilateral or subjective determinations of fact insufficient to raise a fact issue. 745 S.W.2d at 400. The reasoning used by the court of appeals to disregard the affidavit testimony of Randall is clearly erroneous. It is apparent from the statements made by Randall in the affidavit that he did not merely set forth legal conclusions or subjective opinions, but rather, he attested to the facts regarding what he was told by defendant's claims agent.

■ The court of appeals completely ignores the well-established rule that a deposition does not have controlling effect over an affidavit in determining whether a motion for summary judgment should be granted. *Gaines v. Hamman*, 163 Tex. 618, 358 S.W.2d 557, 562 (1962). Thus, if conflicting inferences may be drawn from a deposition and from an affidavit filed by the same party in opposition to a motion for summary judgment, a fact issue is presented. *Gaines*, 358 S.W.2d at 562. In this instance, conflicting inferences can definitely be drawn from the deposition and affidavit testimony. In the affidavit,

Randall testified that Moore made definite representations to him regarding future damages, whereas, in the deposition, he stated that he did not remember any representations pertaining to future damages. In the face of this conflicting evidence, we conclude that DPL and Prior did not meet their burden of showing that there was no genuine issue as to any material fact. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979). The question of whether or not Moore made a fraudulent representation to Randall regarding future damages was an issue of fact to be determined by a jury. Thus, summary judgment was improperly granted.

The opinion and judgment of the court of appeals are thus in conflict with this court's holding in *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979), and *Gaines v. Hamman*, 358 S.W.2d 557 (1962). Therefore, pursuant to Tex.R.App.P. 133(b), we grant the petitioner's application for writ of error, and without hearing oral argument, a majority of the court reverses the judgment of the court of appeals and remands the cause to the trial court.