NUMBER 13-05-728-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


DEL MAR COLLEGE DISTRICT, Appellant,


v.
 


VELDA VELA, Appellee.

 


On appeal from the 148th District Court 


of Nueces County, Texas.


 


O P I N I O N



Before Justices Yañez, Rodriguez, and Garza 


Opinion by Justice Rodriguez



 In this employment discrimination suit, appellant, Del Mar College District (the
District), brings an interlocutory appeal from the trial court's denial of the District's
motion to dismiss for lack of jurisdiction. See Tex. Civ. Prac. & Rem. Code Ann. §
51.014(a)(8) (Vernon Supp. 2006) (allowing an interlocutory appeal from the grant
or denial of a plea to the jurisdiction by a governmental unit). In one issue, the District
contends that the trial court erred in denying its motion to dismiss for lack of subject
matter jurisdiction because appellee, Velda Vela, did not file an administrative
complaint within 180 days of the alleged unlawful employment practice as required by
section 21.202 of the Texas Labor Code. (1) See Tex. Lab. Code Ann. § 21.202 (Vernon
2006). We affirm.

I. Factual and Procedural Background (2)


A. Charge of Gender Discrimination


 On September 12, 2003, Vela filed a verified charge of discrimination against
the District designating the latest date that discrimination took place as March 27,
2003. In particular, Vela alleged the following:

In or around June 2002 through the present time I have been subjected
to different terms and conditions at the hands of the Male Equipment
Manager and Supervisor of the Equipment Manager. During this time, I
have asked to be transferred to another department.

 

On or about March 27, 2003, I was verbally assulted [sic] by the Male
Equipment Manager. On this same day I was transferred to another work
location.

 

During my time with the College I have been treated differently than
another male custodian co-worker.

 

In her charge of discrimination, based on this information, Vela alleged that she had
been discriminated against due to her gender. The Commission issued a notice of right
to sue letter on February 24, 2004.

B. Lawsuit Allegations


 On April 19, 2004, Vela filed her original petition basing her claim on chapter
21 of the Texas Labor Code and seeking to enjoin the District from discrimination on
the basis of sex and a hostile work environment. In her petition, Vela stated that she
had been employed by the District since August 15, 1993. She asserted that
approximately one week after being transferred to the Aquatic Building, she began
experiencing problems with Roy Moya, an equipment manager. She alleged that on
one specific occasion, Moya compared her hair color to the color of her breasts. Vela
alleged that she complained to her supervisor about Moya's sexual comments, and the
day after making these complaints, Moya approached her at the door of the ladies'
dressing room, where Vela was performing her custodial duties. She asserted that
Moya used abusive language to inform her that she had no business talking about him
to their supervisor and cornered her in the dressing room while yelling at her and
making gestures as if he was going to hit her. Vela alleged that she radioed her
supervisor, who arrived moments later and took her to the Affirmative Actions
Department where Vela filed a grievance against Moya. Vela further alleged that prior
to this incident, she was informed several times that Moya did not want a female
custodian in his department. She also asserted that Moya developed and engaged in
a scheme to harass and discriminate against her because of her sex.

C. Deposition Testimony


 In her deposition on September 29, 2005, Vela testified that she was
permanently transferred to the Aquatic Department sometime in January 2003. She
stated that she began experiencing problems within the first week of her transfer. 
Vela testified regarding three incidents when Moya made sexually-related comments
to her. She testified the first incident occurred in early February 2003, after she
highlighted her hair, when Moya told her she looked like Dolly Parton because she had
the "boobs." Vela testified that the second incident occurred about a week and one-half to two weeks after the first. At that time, Moya commented that Vela needed to
get a smaller bra because a button on her smock had popped open. Vela stated that
the third incident involved a comment about her "boobs," but she did not specifically
recall the incident.

 Vela also testified that the verbal assault alleged in her petition did not occur on
March 27, 2003, as stated in her charge of discrimination, but on February 17, 2003. (3) 
She further testified that no other incident occurred on March 27, 2003.

 Vela also stated in her deposition that after she was transferred from the
Aquatic Building, she did not physically come into contact with Moya again, but that
he appeared on two occasions at the time clock when she was there. Vela testified
that on the first occasion, Moya stared at her for fifteen minutes and did not say
anything and that this incident occurred two weeks after the board hearing in
September 2003. According to Vela, the second occurrence at the time clock
occurred approximately a week after the first incident, when Moya was walking with
"one of the guys" and said something like "it's a wonderful day."

D. District's Motion to Dismiss for Lack of Jurisdiction


 On October 24, 2005, the District filed a motion to dismiss for lack of
jurisdiction, asserting that the court lacked jurisdiction over Vela's claim because she
failed to comply with the mandatory limitations period established by section 21.202
of the Texas Labor Code. Vela filed her charge of discrimination against the District
on September 12, 2003. In its motion, the District specifically asserted that because
Vela testified at her deposition that the incident she alleged in her charge to have
occurred on March 27, 2003, actually occurred on February 17, 2003, and that no
incident occurred on March 27, 2003, she failed to timely file within the 180 days of
the alleged discriminatory act as required by section 21.202. See id.

E. Vela's Response to Motion to Dismiss


 On November 8, 2005, Vela submitted an affidavit in response to the District's
motion to dismiss. In this affidavit, Vela alleged that she was verbally assaulted by
Moya on February 27, 2003. However, she also alleged two incidents occurred in
March 2003. The first incident allegedly occurred at the time clock on March 7, 2003,
when Moya approached her, stared at her with hate and made a "sassy and sarcastic"
remark about how beautiful the day was. Vela stated that the second incident
occurred on March 27, 2003, when Moya allegedly harassed her when she was
clocking into work by staring and glaring at her body "up and down" and telling her
that the District would not do anything to him.

F. Trial Court's Denial of the District's Motion to Dismiss


 Following a hearing on November 15, 2003, the trial court, "having considered
the pleading, the arguments and briefs of the parties, the affidavits, other supporting
evidence, and papers on file in this case," signed an order denying the District's motion
to dismiss. This appeal ensued.

II. Motion to Dismiss


 In its sole issue, the District contends that the trial court erred in denying its
motion to dismiss. The District argues that the trial court has no subject matter
jurisdiction over Vela's cause of action because she failed to file an administrative
charge of discrimination within the 180 days after the alleged unlawful employment
practice as required by the labor code. See id.

A. The Law


 The Texas Labor Code makes it unlawful for an employer to discriminate against
an employee with respect to compensation or the terms, conditions, or privileges of
employment because of race, color, disability, religion, sex, or national origin. Id. §
21.051. Sexual harassment is a form of sex discrimination prohibited by the code. 
Syndex Corp. v. Dean, 820 S.W.2d 869, 871 (Tex. App.-Austin 1991, writ denied)
(citing Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 65 (1986)). The law
recognizes two types of sexual harassment claims: quid pro quo and hostile work
environment. Vela's sexual harassment claim implicates a hostile work environment. 
See Garcia v. Schwab, 967 S.W.2d. 883, 885 (Tex. App.-Corpus Christi 1998, no
pet.) (discussing hostile work environment as a form of sexual harassment); Ewald v.
Wornick Family Foods, Corp., 878 S.W.2d 653, 659 (Tex. App.-Corpus Christi 1994,
writ denied) (setting out the elements of a hostile work environment claim).

 Section 21.202 of the Texas Labor Code provides that, "[a] complaint under this
subchapter must be filed not later than the 180th day after the date the alleged
unlawful employment practice occurred." Tex. Lab. Code Ann. § 21.202 (Vernon
2006). The timely filing of a complaint under the labor code is "mandatory and
jurisdictional." Specialty Retailers, Inc. v. DeMoranville, 933 S.W.2d 490, 492 (Tex.
1996) (per curiam); Schroeder v. Tex. Iron Works, Inc., 813 S.W.2d 483, 486 (Tex.
1991); see Hoffmann-La Roche, Inc. v. Zeltwanger, 114 S.W.3d 438, 446 (Tex.
2004) ("The CHRA further establishes a 'comprehensive administrative review
system,' under which the 'exhaustion of administrative remedies is a mandatory
prerequisite to filing a civil action alleging violations of the CHRA.'"). If the
administrative complaint is not filed timely, the suit must be dismissed for lack of
jurisdiction. Schroeder, 813 S.W.2d at 488. However, if the claimant states a claim
for a hostile work environment practice, the claim will be timely so long as one act
falls within the appropriate time period and all of the acts that make up the hostile
work environment practice are part of the same employment practice. AMTRAK v.
Morgan, 536 U.S. 101, 120-22 (U.S. 2002) ("A court's task is to determine whether
the acts about which an employee complains are part of the same actionable hostile
work environment practice, and if so, whether any act falls within the statutory time
period."). (4)

B. Standard of Review


 A motion to dismiss based on a lack of subject matter jurisdiction is the
functional equivalent to a plea to the jurisdiction challenging the trial court's authority
to determine the subject matter of a cause of action. Lacy v. Bassett, 132 S.W.3d
119, 122 (Tex. App.-Houston [14th Dist.] 2004, no pet.) (citing Bland Indep. Sch.
Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000)). Whether a court has subject matter
jurisdiction is a question of law subject to de novo review. Tex. Dep't of Parks &
Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004); Tex. Natural Res.
Conservation Comm'n v. IT-Davy, 74 S.W.3d 849, 855 (Tex. 2002); Tex. A&M Univ.,
Corpus Christi v. Vanzante, 159 S.W.3d 791, 794, (Tex. App.-Corpus Christi 2005,
no pet.).

 

 "We are allowed to consider evidence pertinent to the jurisdictional inquiry." 
Vanzante, 159 S.W.3d at 794 (citing County of Cameron v. Brown, 80 S.W.3d 549,
555 (Tex. 2002)). If the evidence creates a fact question regarding the jurisdictional
issue, the trial court must deny the plea to the jurisdiction and submit the issue to the
fact finder. Miranda, 133 S.W.3d at 227-28. Conversely, if the evidence is
undisputed or fails to raise a fact question on the jurisdictional issue, the trial court
should rule on the plea to the jurisdiction as a matter of law. Id. at 228. This
standard generally mirrors that of summary judgment. Id. We review the trial court's
ruling de novo. Id.

C. Analysis


 It is undisputed that Vela claimed she was verbally assaulted by Moya sometime
in February 2003. (5) It is also undisputed that Vela filed her charge of discrimination on
September 12, 2003, more than 180 days after this alleged discriminatory act
occurred. Thus, based on the February 2003 alleged incident, the discrimination
charge was not timely filed, and the trial court did not have jurisdiction.

 At her deposition, Vela testified that no other incident occurred on March 27,
2003. Vela also described two incidents at the time clock; incidents she stated
occurred after she had been transferred from the Aquatic Building and after the board
meeting in September 2003. However, in her affidavit filed in response to the
District's motion to dismiss, Vela alleged that the discrimination against her included
the following acts: (1) being asked to stay away from the Aquatic Building; (2) being
harassed and intimidated by Moya on or about March 7, 2003, when he made a
"sassy and sarcastic remark about how beautiful the day was"; and (3) being harassed
and intimidated on or about March 27, 2003, when Moya approached Vela at the time
clock and stared and glared at her body and told her the District could not do anything
to him and walked away laughing. Thus, based on Vela' affidavit, the March 27,
2003 incident that was alleged to have contributed to the claim fell within the 180 day
statute of limitations. See Morgan, 536 U.S. at 128.

 The District argues that we should not consider Vela's affidavit because it
contradicts her own deposition testimony. (6) We disagree. This Court follows the
pronouncements of the Texas Supreme Court in Randall v. Dallas Power & Light Co.,
752 S.W.2d 4, 5 (Tex. 1988), as in Larson v. Family Violence and Sexual Assault
Prevention Ctr. of S. Tex., 64 S.W.3d 506 (Tex. App.-Corpus Christi 2001, pet.
denied), and concludes that, as a general rule, if conflicting inferences may be drawn
from a deposition and from an affidavit filed by the same party in opposition to a
motion for summary judgment, a fact issue is presented, and we do not disregard the
affidavit as a sham. See Randall, 752 S.W.2d at 5; Larson, 64 S.W.3d at 513; see
Davis v. City of Grapevine, 188 S.W.3d 748, 756 (Tex. App.-Fort Worth 2006, pet.
denied) (discussing the conflict among the appellate courts regarding the "sham"
affidavit doctrine and concluding that when conflicting inferences may be drawn
between a party's summary judgment affidavit and his deposition on matters of
material fact, a fact issue is presented). Because our review mirrors the summary
judgment standard, we apply the same reasoning in this instance. Miranda, 133
S.W.3d at 228; cf. Adler v. Fed. Republic of Nigeria, 107 F.3d 720, 728 (9th Cir.
1997) (concluding in a plea to the jurisdiction, sovereign immunity case that while the
Ninth Circuit has allowed district courts to disregard "sham" affidavits in summary
judgment cases, the district court is the finder of fact on immunity issues and should
consider all evidence before it in resolving the issue, and the contradictory nature of
an affidavit merely affects its weight).

 In this case, conflicting inferences can be drawn between Vela's affidavit and
her deposition on when the acts occurred. Therefore, we first conclude that Vela's
affidavit should not have been excluded and was properly reviewed by the trial court. 
Second, we conclude that the evidence before us creates a fact issue regarding the
dates of Moya's alleged acts, facts we cannot determine from the record before this
Court. Thus, the trial court did not err in denying the District's motion to dismiss for
want of jurisdiction. We overrule the District's sole issue.

IV. Conclusion


 The order of the trial court is affirmed. 

 

 NELDA V. RODRIGUEZ

 Justice


Opinion delivered and filed this 

22nd day of March, 2007.
1. When the Texas Commission on Human Rights Acts (TCHRA) was recodified into the Texas
Labor Code, the revised law omitted as unnecessary the short title of the act. See Little v. Tex. Dep't
of Criminal Justice, 148 S.W.3d 374, 377 (Tex. 2004). "In addition, the Commission on Human Rights
was recently abolished and its powers and duties were transferred to the newly-created Civil Rights
Division of the Texas Workforce Commission." Id. (citing Act of May 30, 2003, 78th Leg., R.S., ch.
302, 2003 Tex. Gen. Laws 1279). Accordingly, we will refer to chapter 21 of the labor code, instead
of the TCHRA, as the statute has been commonly referred to in the past.
2. We note that Vela did not file an appellate brief.
3. Vela later executed a Change/Signature page stating that she did not recall if the verbal assault
incident actually occurred on February 17, 2003 or February 25, 2003. She also stated that she was
transferred from the Aquatic Building on February 25, 2003. She swore to and verified the correctness
of her deposition after making these changes.
4. When reviewing a case brought under the labor code, a court may look to the code and, when
necessary, to analogous federal provisions in Title VII, see generally Eckerdt v. Frostex Foods, Inc., 802
S.W.2d 70, 72 (Tex. App.-Austin 1990, no writ) (per curiam), and federal precedent relating to the
same. See Coastal Mart, Inc. v. Hernandez, 76 S.W.3d 691, 695 (Tex. App.-Corpus Christi 2002, pet.
dism'd). Texas courts are obligated to follow higher Texas courts and the United States Supreme Court. 
Penrod Drilling Corp. v. Williams, 868 S.W.2d 294, 296 (Tex. 1993) (per curiam).
5. Vela testified that the alleged assault occurred on February 17, 2003, or February 25, 2003,
and later affied that it occurred on February 27, 2003.
6. The District urges this Court to follow Farroux v. Denny's Restaurants, Inc., 962 S.W.2d 108,
111 (Tex. App.-Houston [1st Dist.] 1997, no pet.), and adopt the sham affidavit doctrine. We decline
to do so. Nevertheless, this Court has determined that the sham affidavit doctrine does have some
limited viability or application where (1) the affidavit is executed after the deposition and (2) there is a
clear contradiction on (3) a material point (4) without explanation, as in Barth v. Royal ins. Co., No. 13-02-688-CV, 2004 Tex. App. LEXIS 11319, at *9 n.5 (Tex. App.-Corpus Christi Dec. 16, 2004, no
pet.) (mem. op.). See id. In Office of the AG v. Murillo, No. 13-05-598-CV, 2006 Tex. App. LEXIS
10899, at *12 (Tex. App.-Corpus Christi Dec. 21, 2006, no pet.) (mem. op.), the conflicts failed to
meet this standard for application of the sham doctrine. See id. ("While we recognize that there are
variances between Murillo's deposition testimony and her affidavit testimony, we cannot conclude the
differences are so egregious that the complained-of statements should be disregarded."). Additionally,
in Smith v. Mossbacker, 94 S.W.3d 292, 296 (Tex. App.-Corpus Christi 2002, no pet.), the affidavit
was executed prior to the deposition, so the doctrine "can and should be ignored." Id.