Opinion filed September 6, 2007

















 
 
  
 
 







 
 
  
 
 




Opinion filed September 6, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-06-00064-CV

                                                    __________

 

                    BRIAN PANDO AND AURELIO PANDO, Appellants

 

                                                             V.

 

                SOUTHWEST
CONVENIENCE STORES, L.L.C., Appellee

 



 

                                         On
Appeal from the 244th District Court

 

                                                           Ector County, Texas

 

                                                Trial
Court Cause No. C-118,640

 



 

                                                                   O
P I N I O N

 








This is an appeal from a take-nothing summary
judgment in a case involving the Dram Shop Act, Tex. Alco. Bev. Code Ann. ''
2.01-.03 (Vernon 2007).  Brian Pando and
his father, Aurelio Pando, sued Southwest Convenience Stores, L.L.C., alleging
that it sold alcoholic beverages to Brian while he was obviously intoxicated
and was, therefore, liable for the wreck that Brian had after leaving the
convenience store and consuming more alcohol. 
Although Brian suffered only minor injuries, the driver of the other
vehicle died as a result of the wreck. 
Brian was convicted of intoxication manslaughter and received a six-year
sentence.  Appellants sought damages for
Brian=s mental
anguish, loss of earning capacity due to his imprisonment, loss of the value of
the vehicle, and punitive damages. 
Southwest filed a traditional motion for summary judgment.  The trial court granted the motion and
rendered judgment that appellants take nothing from Southwest.  We affirm. 

Appellants sought recovery pursuant to Section
2.02(b) of the Alcoholic Beverage Code, which provides that a cause of action
exists against a person who provides, sells, or serves an alcoholic beverage
upon proof that:

(1) at the time the provision occurred it was
apparent to the provider that the individual being sold, served, or provided
with an alcoholic beverage was obviously intoxicated to the extent that he
presented a clear danger to himself and others; and

 

(2) the intoxication of the
recipient of the alcoholic beverage was a proximate cause of the damages
suffered.

Section 2.03(c) provides that the remedy available under the Dram
Shop Act is the exclusive cause of action for providing an alcoholic beverage
to a person eighteen years of age or older. 
Brian was twenty years old at the time.

In the motion for summary judgment, Southwest
asserted that it was entitled to summary judgment as a matter of law because
the summary judgment evidence showed that Brian was not obviously intoxicated
at the time of the purchase, because Aurelio had no viable cause of action for
the value of the car that Brian wrecked, and because punitive damages are not
available under the statute.  In response
to the motion, appellants challenged only the ground regarding Brian=s intoxication.  Likewise, in the sole issue on appeal,
appellants contend that the trial court erred in granting the motion for
summary judgment because there was a genuine issue of fact regarding Brian=s state of intoxication at the time he
purchased the alcoholic beverages.[1]









A trial court must grant a motion for summary
judgment if the moving party establishes that no genuine issue of material fact
exists and that the movant is entitled to judgment as a matter of law.  Tex.
R. Civ. P. 166a(c); Lear Siegler, Inc. v. Perez, 819 S.W.2d 470,
471 (Tex.
1991).  In order for a defendant to be
entitled to summary judgment, it must either disprove an element of each cause
of action or establish an affirmative defense as a matter of law.  Am. Tobacco Co. v. Grinnell, 951
S.W.2d 420, 425 (Tex.
1997).  Once the movant establishes a
right to summary judgment, the nonmovant must come forward with evidence or law
that precludes summary judgment.  City
of Houston v. Clear
Creek Basin
Auth., 589 S.W.2d 671, 678‑79 (Tex.
1979).  When reviewing a traditional
summary judgment, the appellate court considers all the evidence and takes as
true evidence favorable to the nonmovant. 
Am. Tobacco Co., 951 S.W.2d at 425; Nixon v. Mr. Prop. Mgmt.
Co., 690 S.W.2d 546, 548‑49 (Tex.
1985).  The appellate court Amust consider whether reasonable and
fair-minded jurors could differ in their conclusions in light of all of the
evidence presented@ and may
not ignore Aundisputed
evidence in the record that cannot be disregarded.@  Goodyear Tire & Rubber Co. v. Mayes,
No. 04-0993, 2007 WL 1713400, at *1-2 (Tex.
June 15, 2007).  

Southwest relied on Brian=s
deposition as evidence in support of the motion for summary judgment.  The deposition reflects that, on August 1,
2003, Brian had consumed between four and eight beers when he went into one of
Southwest=s stores,
a 7-Eleven, to purchase more beer.  Brian
had his first beer around 6:00 p.m. that evening and went into the 7-Eleven
around 10:45 or 11:00 p.m.  Brian
purchased two 20-packs of Bud Light and left. 
The wreck occurred around 7:00 a.m. the next morning B approximately eight hours after Brian
purchased the beer from the 7-Eleven.  In
his deposition, Brian admitted that at the time of the purchase he had no
trouble walking, asking directions to the restroom, following those directions,
grabbing the beer, or paying for the beer. 
As he was about to leave the store, Brian, who was not old enough to
legally purchase beer, noticed a police officer at the light and waited at the
door before walking out of the store.

Appellants filed a terse response to Southwest=s motion for summary judgment.  Attached to the response was an affidavit
made by Brian after the motion for summary judgment was filed.  In the affidavit, Brian stated: AThe employee of 7-11 who sold me beer
knew I was twenty years of age and knew I was intoxicated.  I told her I was drunk and I was slurring my
words, I had bloodshot eyes and I was staggering.@  Appellants argue that Brian=s affidavit created a material issue of
fact.  The record shows, however, that
Brian had previously stated in a deposition that he did not know if he
exhibited any signs of intoxication when he was at the store; specifically, he
did not know if his speech was slurred, if his eyes were squinted or bloodshot,
if he was staggering, or if he smelled of alcohol.








Generally, a deposition does not have controlling
effect over an affidavit in determining whether a motion for summary judgment
should be granted.  Randall v. Dallas
Power & Light Co., 752 S.W.2d 4, 5 (Tex. 1988). 
Thus, when conflicting inferences may be drawn from a deposition and an
affidavit made by the same person and filed in a summary judgment proceeding, a
fact issue is presented that will preclude summary judgment.  Id.
at 5.  However, when (1) the affidavit is
executed after the deposition and (2) there is a clear contradiction on (3) a
material point (4) without explanation, the Asham
affidavit@ doctrine
may be applied and the contradictory statements in the affidavit may be
disregarded.  Del Mar College Dist. v.
Vela, 218 S.W.3d 856, 862 n.6 (Tex. App.CCorpus
Christi 2007, no pet.).  Several of our
sister courts have held that such an affidavit merely creates a sham issue and
cannot be used to avoid summary judgment.[2]  See Cantu v. Peacher, 53 S.W.3d 5,
10-11 (Tex. App.CSan
Antonio 2001, pet. denied); Eslon Thermoplastics v. Dynamic Sys., Inc.,
49 S.W.3d 891, 901 (Tex. App.CAustin
2001, no pet.); Burkett v. Welborn, 42 S.W.3d 282, 286 (Tex. App.CTexarkana 2001, no pet.); Farroux v.
Denny=s Rests.,
Inc., 962 S.W.2d 108, 111 (Tex. App.CHouston
[1st Dist.] 1997, no pet.).  As stated by
the court in Farroux: 

A party cannot file an affidavit to contradict his
own deposition testimony without any explanation for the change in the
testimony, for the purpose of creating a fact issue to avoid summary
judgment.  If a party=s own affidavit contradicts his earlier
testimony, the affidavit must explain the reason for the change.  Without an explanation of the change in the
testimony, we assume the sole purpose of the affidavit was to avoid summary
judgment.  As such, it presents merely a Asham@
fact issue.  

 

962 S.W.2d at 111 (footnote omitted).  








We do not believe that the deposition testimony
and the affidavit in this case merely provide conflicting inferences as did
those in Randall; rather, we conclude that Brian=s
affidavit directly contradicts his earlier deposition testimony on a material
point.  Because Brian did not include any
explanation for this direct contradiction, we cannot hold that the affidavit
created a material fact issue.  The trial
court could have concluded that the affidavit created only a sham issue.  Consequently, we hold that the trial court
did not err in granting Southwest=s
motion for summary judgment.  Moreover,
we do not believe that the events that occurred in this case B with the wreck occurring eight hours
after the provider sold the alcoholic beverage B
involve the type of situation that the legislature meant to address in the Dram
Shop Act.  See J.D. Abrams, Inc. v.
McIver, 966 S.W.2d 87, 91-92 (Tex. App.CHouston
[1st Dist] 1998, pet. denied) (finding no direct evidence that driver=s intoxication was apparent to the
provider and noting that intoxicated driver was involved in wreck one hour
after leaving one establishment that sold alcohol to the driver and two and
one-half hours after leaving another such establishment).  Appellants=
sole issue is overruled.  

The judgment of the trial court is affirmed.  

 

 

TERRY McCALL

JUSTICE

 

September 6, 2007

Panel consists of: Wright, C.J., and McCall, J.

 

Strange, J., not participating.











[1]Because appellants have not challenged the other
grounds, we affirm without discussion the summary judgment as to Aurelio=s claim and the punitive damages claim. 





[2]We note that acceptance of the sham affidavit doctrine
is not universal among the courts of appeals. 
See Pierce v. Washington
Mut. Bank, 226 S.W.3d 711, 717-18 (Tex. App.CTyler
2007, pet. filed); Davis v. City of Grapevine, 188 S.W.3d 748, 756 (Tex.
App.CFort Worth 2006, pet. denied); Thompson v. City of Corsicana Hous. Auth.,
57 S.W.3d 547 (Tex.
App.CWaco 2001, no pet.).