ACCEPTED
03-15-00511-CV
7910530
THIRD COURT OF APPEALS
AUSTIN, TEXAS
11/19/2015 3:17:25 PM
JEFFREY D. KYLE
CLERK

Cause No. 03-15-00511-CV

IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS AT AUSTIN

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
11/19/2015 3:17:25 PM
JEFFREY D. KYLE
Clerk

Diane V. Wade,
Appellant

vs.

David's Landscaping and David's Landscaping, Inc.,
Appellees

On appeal from the 419th Judicial District Court of Travis County, Texas

BRIEF OF APPELLANT

Stuart Whitlow
LAW OFFICES OF STUART WHITLOW
1104 S. Mays Street, Suite 116
Round Rock, Texas 78664
(737) 346-1839
(512) 255-5938 (fax)
stuartwhitlowlaw@yahoo.com
ATTORNEY FOR APPELLANT

ORAL ARGUMENT REQUESTED

C:\WADE BRIEF APPELLANT 111415.DOC

NAMES OF ALL PARTIES TO FINAL JUDGMENT

PLAINTIFF/APPELLANT:

Diane V. Wade

Represented at trial and on appeal by:

Stuart Whitlow
LAW OFFICES OF STUART WHITLOW
1104 S. Mays Street, Suite 116
Round Rock, Texas 78664
(737)346-1839
(512) 255-5938 (fax)
stuartwhitlowlaw@yahoo.com


DEFENDANTS/APPELLEES:

David's Landscaping and David's Landscaping, Inc.

Represented at trial and on appeal by:

Robert A. House
Clark & Trevino
1701 Directors Blvd., Suite 920
Austin, Texas 78744

# TABLE OF CONTENTS

**Page**

INDEX OF AUTHORITIES................................................................vi, vii

STATEMENT OF THE CASE.............................................................. 1

ISSUE PRESENTED ON APPEAL ........................................................ 2

Did the trial court err in granting David's Landscaping and David's Landscaping, Inc.'s no-evidence motion for summary judgment inasmuch as Appellant raised a material issue of fact with respect to each of the elements of Appellant's negligence claim challenged by Appellees?

STATEMENT OF FACTS .................................................................. 2

BASIC LAW REGARDING NO-EVIDENCE MOTIONS FOR SUMMARY
JUDGMENT................................................................................... 4

ARGUMENT .................................................................................. 5

A.    The trial court erred in granting Appellee's no-evidence motion for summary judgment inasmuch as Appellant raised a material issue of fact respect to all of the elements of Appellant's' negligence claim challenged by Appellee.

CONCLUSION AND PRAYER FOR RELIEF ............................................ 8

CERTIFICATE OF SERVICE ............................................................. 10

APPENDIX .................................................................................. 11

# INDEX OF AUTHORITIES

## CASES

Page

*C&H Nationwide v. Thompson*, 810 S.W.2d 259, 266 – 267 (Hou. [1st Dist.] 1991, rev'd in part on other grounds, 903 S.W.2d 315 .........................6

*D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002)...................6, 7

*Excel Corp. v. Apodaca*, 81 S.W.3d 817, 820 (Tex. 2002)....................6, 7

*Ford Motor Company v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004).........4

*In re Mohawk Rubber Company*, 982 S.W.2d 494, 498 (Tex. App. Texarkana 1998, orig. proceeding).....................................................5

*Lehrer v. Zwernemann*, 14 S.W.3d 775, 777 (Tex.App.- Houston [1st Dist.] 2000 pet.denied)..............................................................................5

*Lowe's Home Ctrs. , Inc. v. GSW Marketing*, 293 S.W.3d 283, 291 (Houston [14th Dist.] 2009, denied................................................................6

*Military Highway Water Supply Corp. v. Morin*, 156 S.W.3d 569, 570 (Tex. 2005).......................................................................................6

*Nixon v. Mr. Property Management Company*, 690 S.W.2d 546, 548-549 (Tex. 1985)....................................................................................4, 5

*Randall v. Dallas Power & Light Company*, 752 S.W.2d 4,5 (Tex. 1988 (per curiam).......................................................................................4

*Timpte Industries, Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex.2009) (per curiam).......................................................................................5

*Torrington v. Stutzman*, 46 S.W.3d 829, 838 (Tex. 2000).......................6

*Trico Techs v. Montiel,* 949 S.W.2d 308, 310 (Tex. 1997)......................8

IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS AT AUSTIN

Diane V. Wade,
Appellant

V.

David's Landscaping and David's Landscaping, Inc.,
Appellees

On appeal from the 419th Judicial District Court of Travis County, Texas

## BRIEF OF APPELLANTS

TO THE HONORABLE COURT OF APPEALS:

Appellant, Diane V. Wade, submits this brief in support of her appeal and requests for reversal of the trial court's order granting Appellees' David's Landscaping and David's Landscaping, Inc.'s no-evidence motion for summary judgment. Appellant asks that this cause be set for submission on oral argument.

## STATEMENT OF THE CASE

This is an appeal from an order granting Appellees David's Landscaping and David's Landscaping Inc.'s no-evidence motion for summary that Appellant take nothing on her negligent claim against David's Landscaping and David's Landscaping, Inc. (hereinafter sometimes referred to as

Appellees). Appellant brought a negligence claim against Appellees at the trial court. Appellees filed a no-evidence motion for summary judgment which alleged that Appellant had no evidence for elements of her negligence claim. The trial court granted Appellee's no-evidence motion for summary judgment. Appellant timely perfected her appeal to this Court.

## ISSUES PRESENTED ON APPEAL

Did the trial court err in granting Appellees' no-evidence motion for summary judgment inasmuch as Appellant raised a genuine issue of material fact with respect to all of the elements of Appellant's negligence claim challenged by Appellees?

## STATEMENT OF FACTS

On November 30, 2011, Appellant Diane V. Wade fell as a result of landscaping debris left on the sidewalk by Appellees David's Landscaping and Defendant David's Landscaping, Inc. (hereinafter in this Statement of Facts referred to collectively as Appellee David's Landscaping) at her rental property located in a complex at 1125 Christopher Avenue A in Round Rock Williamson County, Texas 78681-7552. Plaintiff Diane V. Wade's Response to Defendant's Motion for Summary Judgment, Clerk's Record, Volume 1, P. 20. The landscaping debris caught under Appellant's shoe and caused her to fall as she walked on the sidewalk leading from her rental home to the driveway

where she parked her car at the complex where she lived. *Id.* The landscaping company for the complex where Appellant lived was Appellee David's Landscaping. *Id.* Appellee David's Landscaping frequently came to the complex where Appellant lived to provide landscaping services and Appellant saw their trucks at the complex on the evening prior to her fall. *Id.* Since Appellee David's Landscaping left the debris on the sidewalk, it was aware or should have been aware of the fact that the landscaping debris were left on the sidewalk and that they posed a danger to someone walking along the sidewalk (as people frequently do). *Id.* Appellee David's Landscaping failed to exercise ordinary care in allowing the debris to remain on the sidewalk after it left the complex on the evening before Appellant's fall. *Id.* Appellee David's Landscaping did not warn Appellant about the landscaping debris being on the sidewalk. *Id.* As a result of the fall, Appellant sustained substantial injuries to her body and felt severe pain and suffering. *Id.* As a result of the fall caused by the landscaping debris, Appellant also has experienced substantial physical impairment and mental anguish. *Id.* Such pain and suffering, as well as the physical impairment resulting from the injuries and mental anguish continue to this day. *Id.*

## BASIC LAW REGARDING NO-EVIDENCE
## MOTIONS FOR SUMMARY JUDGMENT

Appellant hereby incorporates the factual assertions set forth in the Statement of Facts set forth above. Appellees contended at the trial court that Appellant's claims should be dismissed because Appellant has produced no evidence that raised a fact issue with respect to any of the elements of her negligence claim. The nonmovant to a no-evidence motion for summary judgment must respond to the motion by raising a genuine issue of material fact with respect to each challenged element. *Ford Motor Company v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). This will defeat the no-evidence motion for summary judgment. *Id.* The nonmovant raises a genuine issue of material fact with respect to each challenged element by bringing forth more than a scintilla of evidence. *Ridgway*, 135 S.W.3d at 600. The nonmovant may use both direct and circumstantial evidence to produce more than a scintilla of evidence. *Ridgway*, 135 S.W.3d at 600-601. If the nonmovant's summary judgment proof provides a basis for conflicting inferences, a fact issue will arise. *Randall v. Dallas Power & Light Company*, 752 S.W.2d 4, 5 (Tex. 1988) (per curiam). Evidence favorable to the non-movant will be taken as true, every reasonable inference will be indulged in favor of the nonmovant, and any doubts will be resolved in the nonmovant's favor. *Nixon v. Mr.*

*Property Management Company*, 690 S.W.2d 546, 548-549 (Tex. 1985); *Lehrer v. Zwernemann*, 14 S.W.3d 775, 777 (Tex.App.—Houston [1st Dist.] 2000 pet. denied). In deciding whether there is a disputed fact issue, the court considers all the evidence in the light most favorable to the nonmovant. *Timpte Industries, Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009) (per curiam). To defeat a no-evidence motion for summary judgment, the nonmovant is not required to marshal its proof. *In re Mohawk Rubber Company*, 982 S.W.2d 494, 498 (Tex. App. Texarkana 1998, orig. proceeding). Marshaling evidence means organizing all of the evidence in the order that it will be presented at trial. *Id.* The nonmovant's response only needs to point to evidence that raises a fact issue on the elements which are challenged. *Id.* In other words, the nonmovant must only point to facts which raise more than a scintilla of evidence on the challenged elements. *Id.*

## ARGUMENT

A. The trial court erred in granting Appellees' no-evidence motion for summary judgment inasmuch as Appellant raised a genuine issue of material fact with respect to each of the elements of Appellant's negligence claim challenged by Appellees.

The elements of a cause of action for negligence brought by an individual such as Appellant are (1) appellee(s) owed a legal duty of ordinary

care to appellant, (2) appellee(s) breached the duty of ordinary care (3) appellee's (appellees') breach proximately caused the appellant's injury. *D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002); *Excel Corp. v. Apodaca*, 81 S.W.3d 817, 820 (Tex. 2002); *C&H Nationwide v. Thompson*, 810 S.W.2d 259, 266-67 (Hou. [1st Dist.] 1991, rev'd in part on other grounds, 903 S.W.2d 315 (Tex. 1994). Appellant was owed a legal duty by Appellees and Appellees' breach of that legal duty proximately caused Appellant's injuries. *Id.*

Appellant raised a fact issue with respect to the legal duty in the affidavit attached to her response to Appellee's no-evidence motion for summary judgment. *C&H Nationwide*, 810 S.W.2d at 266 -267; *Torrington v. Stutzman*, 46 S.W.3d 829, 838 (Tex. 2000); *Lowe's Home Ctrs., Inc. v. GSW Marketing*, 293 S.W.3d 283, 291(Hou. [14th] 2009, denied); *Military Highway Water Supply Corp. v. Morin*, 156 S.W.3d 569, 570 (Tex. 2005) Appellees frequently provided landscaping services at the complex where Appellant lived. Of course, these services generally benefitted Appellant and other residents who lived at the complex. Appellant has also brought forth summary judgment proof which raises a fact issue with respect to whether Appellees breached their duty of ordinary care to Appellant. Appellees left landscaping debris on the sidewalk that Appellant used to go back and forth from her home

to her vehicle and did not provide her any warning that they had done so. Clerk's Record, Volume 1 of 1, Page 20. This is despite the fact that they were aware or should have been aware both that the debris were on the sidewalk since they left them there, and the obvious reality that these debris could pose a danger to residents such as Appellant. *Id.*; *D. Houston, Inc.*, 92 S.W.3d at 454; *Apodaca*, 81 S.W.3d at 820. Appellant has also brought forth more than a scintilla of evidence and raised a fact issue with respect to whether Appellees' negligent failure to exercise ordinary care (breach of duty) by Appellant was a direct and proximate cause of the injuries, harm and damages to Appellant. *Id.* Appellant stated in the affidavit attached to the response to Appellees no-evidence motion for summary judgment that the debris caused her trip and that as a result she tripped and fell. Clerk's Record, Volume 1 of 1, Page 20. She also stated in that affidavit that the fall caused her to sustain substantial physical injuries, to experience pain and suffering, to warning Appellant about this dangerous condition. *Id.* As a result of the fall, Appellant sustained substantial injuries to her body, as well as great pain and suffering. *Id.* As a result of the fall, Appellant also has experienced substantial physical impairment and mental anguish. *Id.* Such pain and suffering, as well as the physical impairment resulting from the injuries and mental anguish, continue until this day. *Id.*

Before the District Court, Appellees sought to characterize the affidavit of Appellant in support of her response to Appellees no-evidence motion for summary judgment as being very complicated. Actually, the affidavit is very simple. It states forth what happened prior to and at the time of the incident which is the basis of this case. In her affidavit, Appellant also discussed the harm that she sustained as a result of her fall on the sidewalk at her complex. The testimony in her affidavit is positive, direct, credible, clear and free from contradiction. Even if this was a traditional motion for summary judgment by a defendant and that defendant was presenting his or her own "interested party" affidavit (one that very similar to Appellant's affidavit in terms of the attributes set forth above in this paragraph) in support of its traditional motion for summary judgment, the defendant's affidavit would support a traditional motion for summary judgment if the facts in it were not properly controverted by the plaintiff. *Trico Techs v. Montiel*, 949 S.W.2d 308, 310 (Tex, 1997).

## CONCLUSION AND PRAYER FOR RELIEF

As Appellant Diane V. Wade has demonstrated, the trial court erred in granting Appellee David's Landscaping and David's Landscaping, Inc.'s no-evidence motion for summary judgment as to Appellant's negligence claim. Appellant properly raised a material issue of fact with respect to each of the elements of the negligence claim brought by Appellant. Accordingly, the

summary judgment issued by the trial court should be reversed and the cause should be remanded for trial.

WHEREFORE, Appellant Diane V. Wade asks this Court to rule for Appellant with respect to the issues she presented for appeal, to reverse the trial court's granting of Appellees David's Landscaping and David's Landscaping, Inc.'s motion for no-evidence summary judgment and to remand the cause to the trial court for further proceedings. Appellant further respectfully requests that this Court assess costs of this appeal against Appellees, Tex. R. App. P. 82, and grant Appellant such other and further relief to which she may be entitled.

Respectfully submitted,

LAW OFFICES OF STUART WHITLOW
1104 S. Mays Street, Suite 116
Round Rock, Texas 78664
(737)346-1837
(512) 255-5938 (fax)
stuartwhitlowlaw@yahoo.com


By: _____/s/ Stuart Whitlow_____
Stuart Whitlow
State Bar No. 21378050
ATTORNEY FOR APPELLANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to the following counsel of record listed below on this 19th day of November, 2015.

Robert A. House
Clark & Trevino
1701 Directors Blvd, Suite 920
Austin, Texas 78744

_____/s/ Stuart Whitlow_____
Stuart Whitlow

## CERTIFICATE OF PAGE NUMBER COMPLIANCE

I hereby certify that I have counted the words in the brief and that they total 1821.

_____/s/Stuart Whitlow_____
Stuart Whitlow

# <u>APPENDIX</u>

<u>Document</u>

Plaintiff Diane V. Wade's Response to Defendant's Motion for Summary Judgment

CAUSE NO. D-1-GN-13-004070

| | | |
|---|---|---|
| DIANE V. WADE, | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| V. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| DAVID'S LANDSCAPING, DAVID'S | § | |
| LANDSCAPING, INC., DANLY PROPERTIES, | § | |
| SAAD INVESTMENTS, LLC, | § | |
| WESTWIND RR LIMITED PARTNERSHIP, | § | |
| AND SKY MANAGEMENT, INC., | § | |
| Defendants | § | 419th JUDICIAL DISTRICT |

**PLAINTIFF DIANE V. WADE'S RESPONSE TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW, Plaintiff Diane V. Wade (hereinafter sometimes referred to as "Plaintiff") and files this his Response to Defendant's No-Evidence Motion for Summary Judgment, and in support thereof states as follows:

I.

Defendant has filed a No-Evidence Motion for Summary Judgment in this case. Plaintiff can raise fact issues with respect to each of the elements of its causes of action.

II.

On November 30, 2011, some landscaping debris caught under Plaintiff's shoe and caused her to fall as she walked on the sidewalk leading from her rental home to the driveway where she parked her car at the complex where she lived. See Affidavit of Diane Wade attached hereto as Exhibit "A" and fully incorporated herein by reference. Plaintiff's address at the complex where she lived was 1125 Christopher Avenue A, Round Rock, Williamson County, Texas. 78681-7552. The landscaping company for the complex where Plaintiff lived, Defendant David's Landscaping, had left the landscaping debris on the sidewalk. See Exhibit "A." This company is also known as Defendant David's Landscaping, Inc. but Plaintiff will refer to this

17

company in this affidavit as Defendant David's Landscaping. See Exhibit "A." Defendant David's Landscaping frequently came to the complex where Plaintiff lived to provide landscaping services and Plaintiff saw their trucks at the complex on the evening prior to her fall. See Exhibit "A." Since David's Landscaping left the debris on the sidewalk, it was aware or should have been aware of the fact that the landscaping debris were left on the sidewalk and that they posed a danger to someone walking along the sidewalk (as people frequently do). See Exhibit "A." David's Landscaping failed to exercise ordinary care in allowing the debris to remain on the sidewalk after it left the complex on the evening before Plaintiff's fall. See Exhibit "A." Defendant David's Landscaping did not warn Plaintff about the landscaping debrs being on the sidewalk. See Exhibit "A."As a result of the fall, Plaintiff sustained substantial injuries to her body and felt severe pain and suffering. See Exhibit "A." As a result of the fall caused by the landscaping debris, Plaintiff also has experienced substantial physical impairment and mental anguish. See Exhibit "A." Such pain and suffering, as well as the physical impairment resulting from the injuries and mental anguish continue to this day. See Exhibit "A."

III.

Defendant had a duty to exercise reasonable care to avoid a foreseeable risk of injury to Plaintiff. Defendant breached that duty by failing to exercise reasonable care to reduce or eliminate the risk involving the landscaping debris on the sidewalk. Further, Defendant failed to warn Plaintiff about the dangerous condition created by the landscaping debris on the sidewalk despite the fact that Defendant was aware of this dangers and risks created by the existence of the landscaping debris on the sidewalk. The negligent and/or reckless acts and omissions of Defendant with respect to the dangerous condition created by the landscaping debris on the sidewalk were a direct and proximate cause of the injuries, harm and damages sustained by Plaintiff.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Diane V. Wade respectfully submits this Response to Defendant's No-Evidence Motion for Summary Judgment and requests that the Court deny Defendant's No-Evidence Motion for Summary Judgment and that the Court grant Plaintiff such other relief to which Plaintiff is entitled.

18

Respectfully submitted,

LAW OFFICES OF STUART WHITLOW
Stuart Whitlow
1104 S. Mays, Suite 116
Round Rock , Texas 78664
(512) 218-9292
(512) 218-9235 FAX

By:_____/s/_____
Stuart Whitlow
SBN: 21378050
Email:stuartwhitlowlaw@yahoo.com
ATTORNEY FOR PLAINTIFF
DIANE V. WADE

IZZO & SEMLER, PLLC
1104 S. Mays, Suite 116
Round Rock, Texas 78664
(512) 218-9292
(512) 218-9235 FAX

By:_____/s/_____
John Thomas Izzo
SBN: 24007426
Email:dahlia@roundrocklaw.com
ATTORNEYS FOR PLAINTIFF
DIANE V. WADE

## CERTIFICATE OF SERVICE

I hereby certify that I have served opposing counsel, Robert House of Clark, Price & Trevino, Southpark One, Suite 920, 1701 Directors Boulevard, Austin, Texas 78744, and Jason L. West of, Brock Person Guerra Reyna, 17339 Redland Road, San Antonio, TX 78247-2304 in accordance with the Texas Rules of Civil Procedure on this the 11th day of December, 2014.

_____/s/_____
Stuart Whitlow

19

| | | |
|---|---|---|
| DIANE V. WADE, | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| V. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| DAVID'S LANDSCAPING, DAVID'S | § | |
| LANDSCAPING, INC., DANLY PROPERTIES, | § | |
| SAAD INVESTMENTS, LLC, | § | |
| WESTWIND RR LIMITED PARTNERSHIP, | § | |
| AND SKY MANAGEMENT, INC., | § | |
| Defendants | § | 419th JUDICIAL DISTRICT |

## AFFIDAVIT OF DIANE WADE

Before me, the undersigned notary, appeared a person whose identity is known to me as Diane Wade. After I administered the oath to her, upon her oath she swore as follows:

"My name is Diane Wade and I am competent to testify to the facts set forth below. I am the Plaintiff in the above styled and numbered cause. I am over 21 years of age and have personal knowledge of the facts set forth herein. The facts stated herein are true and correct.

"On November 30, 2011, some landscaping debris caught under my shoe and caused me to fall as I walked on the sidewalk leading from my rental home to the driveway where I parked my car. My address at the rental home in the complex where I lived was 1125 Christopher Avenue A, Round Rock, Williamson County, Texas. 78681-7552. The landscaping company for the complex where I lived, Defendant David's Landscaping, had left the landscaping debris on the sidewalk. This company is also known as Defendant David's Landscaping, Inc. but I will refer to this company in this affidavit as Defendant David's Landscaping. Defendant David's Landscaping frequently came to the complex where I lived to provide landscaping services and I saw their trucks at the complex on the evening prior to my fall. Since David's Landscaping left the debris on the sidewalk, it was aware or should have been aware of the fact that the landscaping debris were left on the sidewalk and that they posed a danger to someone walking along the sidewalk (as people frequently do). David's Landscaping failed to exercise ordinary care in allowing the debris to remain on the sidewalk after it left the complex on the evening before my fall. Defendant David's Landscaping did not warn me about the debris being on the sidewalk. As a result of the fall, I sustained substantial injuries to my body and felt severe pain and suffering. As a result of the fall caused by the landscaping debris, I also have experienced substantial physical impairment and mental anguish. Such pain and suffering, as well as the physical impairment resulting from the injuries and mental anguish continue to this day.



EXHIBIT #
A

"Further, Affiant sayeth not."

_Diane Wade_
Diane Wade

SWORN TO AND SUBSCRIBED before me on this 9th day of December, 2014.

_MM Smith_

Notary Public In and For the State of _Louisiana_

My Commission Expires: _at death_



MARY N. SMITH
NOTARY PUBLIC #134856
PARISH OF ORLEANS, STATE OF LOUISIANA
- WITH STATE WIDE JURISDICTION -
MY COMMISSION IS ISSUED FOR LIFE