

# NUMBER 13-24-00141-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

NORMAN T. CRABB AND
TAELOR CAMPBELL-CRABB,                              Appellants,

v.

ARUN KUMAR DURGAM, M.D.
AND SHWE Y. WIN, M.D.,                              Appellees.

## ON APPEAL FROM THE COUNTY COURT AT LAW NO. 4
## OF NUECES COUNTY, TEXAS

# MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Peña and West**
**Memorandum Opinion by Justice West**

Appellants Norman T. Crabb and Taelor Campbell-Crabb challenge the traditional

motion for summary judgment entered in favor of appellees Arun Kumar Durgam, MD,

and Shwe Y. Win, MD (Dr. Durgam and Dr. Win). By one issue, the Crabbs argue that

the trial court erred because they raised a genuine issue of material fact that appellees

breached the requisite standard of care. Specifically, they contend that the trial court erred because it "granted summary judgment based on one expert's testimony that [appellees] did not breach the relevant standard of care" even though the Crabbs presented conflicting testimony from another expert witness. We reverse and remand.

## I.    BACKGROUND

This is a medical malpractice case arising from Norman Crabb's admission to the Corpus Christi Medical Center emergency room on March 1, 2020. According to Crabb's original petition,[1] Crabb presented to the emergency room complaining of nausea, vertigo, vomiting, and pain in his abdominal, flank, and kidney areas. Dr. Durgam, the first of Crabb's attending physicians during his hospital stay, ordered a blood test, and "a number of CT scans to determine whether [Crabb] had suffered a stroke." The blood test indicated that Crabb's white blood cell count was elevated, and one of the CT scans indicated that he had "diverticulosis coli" or bulges in his colon.

Early the next morning, "Crabb's abdominal pain grew more and more severe, and his stomach grew bloated." Crabb, a physician himself, "requested numerous times to speak with the resident physician." The petition alleged that "Dr. Durgam did nothing to address or investigate" Crabb's concerns "with his elevated white blood count and abdominal pain." Later that same morning, Dr. Win, who took over after Dr. Durgam's shift, "noted that [Crabb] had 'developed severe abdominal pain' and that a nasogastric tube had to be inserted to decompress his bloated stomach." The petition alleged that

---

[1] Crabb later filed an amended petition adding appellant Taelor Campbell-Crabb as a plaintiff. The petition also named Bay Area Healthcare Group, Ltd. d/b/a Corpus Christi Medical Center and Bronson Benno Joseph Raja, MD, as defendants. Corpus Christi Medical Center and Dr. Raja are not parties to this appeal.

2

appellees "continued to treat [Crabb] as though he had suffered a stroke, ignoring and failing to address [Crabb's] abdominal pain and elevated white blood cell count."

On the morning of March 4, 2020, Crabb "called Dr. Dan Martin, a general surgeon with extensive experience in gastric, liver, pancreas, gallbladder and spleen surgery, and told him about his severe abdominal pain and elevated white blood cell count." Dr. Martin examined Crabb and determined emergency surgery was necessary. Surgery revealed that Crabb's colon was perforated and that Crabb's "entire abdominal cavity was infected and filled with pus." Crabb alleged that because of appellees' "failure to diagnose [his] perforated colon, [he] lost his sigmoid colon, spleen and appendix, and his quality and way of life ha[ve] been forever changed."

Crabb subsequently filed suit against appellees and asserted claims for negligence and gross negligence. Crabb retained two expert witnesses, Elliot R. Goodman, MD, and Marc Ibanez, MD. In Dr. Goodman's amended expert report, he opined that appellees "deviated from the standard of care when they failed to properly evaluate [Crabb's] ongoing abdominal pain from the early morning of 03/02/20[2]0 to the early morning of 03/04/2020."[2] Dr. Goodman also opined in his deposition that appellees breached the relevant standard of care. Dr. Ibanez did not file an expert report. However, in his deposition, he testified that appellees "acted in conformity with the standard of care" when treating Crabb.

Appellees filed a traditional motion for summary judgment. Appellees argued that Dr. Ibanez's deposition testimony conclusively established that they did not breach the applicable standard of care with respect to Crabb's care and treatment. The motion did

_____

[2] Dr. Goodman drafted two reports, one on January 19, 2021, and an amended report on April 15, 2021. The reports contain substantially similar information, and the quoted sentence is in both reports.

3

not address Dr. Goodman's expert report or deposition testimony. In their response, the Crabbs conceded that Dr. Ibanez testified that appellees met the requisite standard of care but argued that Dr. Ibanez's testimony merely conflicted with Dr. Goodman's testimony. The Crabbs attached Dr. Goodman's expert report and deposition testimony, which outlined appellees' failure to meet the standard of care in their treatment of Crabb and how those failures caused injury to Crabb.

No hearing was held on the motion. The trial court granted appellees' traditional motion for summary judgment. This appeal followed.

## II.    DISCUSSION

### A.    Standard of Review & Applicable Law

We review the grant or denial of a summary judgment de novo. *Scripps NP Operating, LLC v. Carter*, 573 S.W.3d 781, 790 (Tex. 2019). Under the traditional summary judgment standard, the movant has the burden to establish that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *ConocoPhillips Co. v. Koopmann*, 547 S.W.3d 858, 865 (Tex. 2018). If the movant meets its summary judgment burden, then the burden shifts to the nonmovant to present to the trial court any issues or evidence that would preclude the grant of summary judgment. *Amedisys, Inc. v. Kingwood Home Health Care, LLC*, 437 S.W.3d 507, 511 (Tex. 2014). We resolve all doubts about the existence of a genuine issue of material fact against the movant. *See Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002).

To prevail on a negligence or gross negligence claim against a physician, the plaintiff is required to prove: "(1) a duty by the physician to act according to a certain

4

standard of care, (2) a breach of the applicable standard of care, (3) injury or harm to the plaintiff, and (4) a causal connection between the breach of the applicable standard of care and the injury or harm." *Dorsey v. Raval*, 480 S.W.3d 10, 18–19 (Tex. App.—Corpus Christi–Edinburg 2015, no pet.); *see Univ. of Tex. at Arlington v. Williams*, 455 S.W.3d 640, 645 (Tex. App.—Fort Worth 2013), *aff'd*, 459 S.W.3d 48 (Tex. 2015) (noting difference between gross negligence from ordinary negligence cause of action).

## B.    Analysis

Appellees argued in their traditional motion for summary judgment that Dr. Ibanez's deposition testimony conclusively negated the breach element of the Crabbs' claims. The Crabbs argued in response, as they do on appeal, that Dr. Ibanez was not their only medical expert that opined on the element of breach, and Dr. Goodman testified that appellees breached the relevant standard of care. They argue, therefore, that the evidence they presented raised a genuine issue of material fact. Appellees did not file an appellate brief.

Generally, "if conflicting inferences may be drawn from a deposition and from an affidavit filed by the same party in opposition to a motion for summary judgment, a fact issue is presented." *Randall v. Dall. Power & Light Co.*, 752 S.W.2d 4, 5 (Tex. 1988); *see also City of Houston v. Stoffer*, No. 01-23-00335-CV, 2024 WL 3417137, at *5 (Tex. App.—Houston [1st Dist.] July 16, 2024, pet. denied) (citing *Randall*, 752 S.W.2d at 5); *Baxsto, LLC v. Roxo Energy Co.*, 668 S.W.3d 912, 925 (Tex. App.—Eastland 2023), *rev'd on other grounds*, 713 S.W.3d 404 (Tex. 2025) (citing *Randall*, 752 S.W.2d at 5). This rule may not apply if the deposition testimony "materially conflicts with the *same witness's prior sworn testimony*, unless there is a sufficient explanation for the conflict." *Lujan v.*

*Navistar, Inc.*, 555 S.W.3d 79, 87 (Tex. 2018) (emphasis added).

The conflicting evidence in this case is deposition testimony from one medical expert with another medical expert, and, therefore, it was within the province of the factfinder to weigh the evidence and resolve any conflicts and inconsistencies in the expert's testimony. *See City of Keller v. Wilson*, 168 S.W.3d 802, 819–20 (Tex. 2005). "It is not the role of the trial court, at summary judgment, to evaluate the credibility of affiants or the weight of the showings." *Pierce v. Wash. Mut. Bank*, 226 S.W.3d 711, 718 (Tex. App.—Tyler 2007, pet. denied), *abrogated by Lujan*, 555 S.W.3d 79; *see also Poppingfun, Inc. v. Integracion de Marcas, S.A. de C.V.*, No. 13-19-00143-CV, 2021 WL 317648, at *2 (Tex. App.—Corpus Christi–Edinburg Jan. 28, 2021, no pet.).

Moreover, Dr. Goodman's deposition testimony and expert report detailed the relevant standard of care and how appellees breached that standard regarding Crabb's care and treatment. Dr. Goodman opined that the standard of care for a physician "caring for a patient with acute sigmoid diverticulitis requires . . . urgent surgical evaluation in order to identify in a timely fashion" whether "invasive treatment such as percutaneous drainage or surgical exploration" is necessary. Dr. Goodman stated that one such measure to determine whether surgery is necessary is to regularly repeat CT scans. Dr. Goodman opined that had appellees not breached the applicable standard of care, "the degree of contamination of the peritoneal cavity would have been significantly lower," a large "perisplenic abscess" would not have formed, "there would have been no need to have dissected around the spleen leading to the splenic injury and no need for [Crabb's] splenectomy." Appellees at no point argued that Dr. Goodman's expert report or deposition testimony was insufficient to raise a genuine issue of material fact. Construing

6

the evidence in the light most favorable to the Crabbs, as we must, *see Sw. Elec. Power Co.*, 73 S.W.3d at 215, Dr. Goodman's medical expert report and deposition testimony raised a fact issue as to whether appellees breached the relevant standard of care.

Because the experts' testimony in this case conflicted as to whether appellees breached their standard of care, and Dr. Goodman's testimony was sufficient to raise a genuine issue of material fact, we hold that the trial court erred when it granted appellees' traditional motion for summary judgment. *See Lujan*, 555 S.W.3d at 87; *Sw. Elec. Power Co.*, 73 S.W.3d at 215; *Randall*, 752 S.W.2d at 5. We sustain the Crabb's sole issue.[3]

### III. CONCLUSION

We reverse the trial court's judgment and remand the case for further proceedings.

JON WEST
Justice

Delivered and filed on the
22nd day of January, 2026.

---

[3] In a sub-issue, appellants argue that the trial court erred when it granted appellees' motion for summary judgment "because expert opinion testimony may not establish any material fact as a matter of law." Because we sustain this issue in appellants' favor, we need not address this sub-issue. *See* TEX. R. APP. P. 47.1